464 P.2d 806

Charles David POWELL, Appellant,

v.

Milton KLEIN, Appellee.

No. 2 CA–CIV 761.

Court of Appeals of Arizona,
Division 2.

Feb. 9, 1970.

Review Denied April 7, 1970.

Spaid, Fish, Briney & Duffield, Tucson,
by Richard Duffield, for appellant.

Silver, Ettinger & Karp, by Jack A. Ettinger, Tucson, for appellee.

HOWARD, Chief Judge.

Appellant-defendant Powell appeals from an order of the trial court granting a new trial to appellee-plaintiff as to Powell.

The appellee-plaintiff brought suit against the drivers of two vehicles, defendants Andresano and Powell, for personal injuries sustained in an automobile accident. Plaintiff Klein was a passenger in

the automobile driven by defendant Powell. After a trial of the issues before a jury, separate verdicts were returned by the jury in favor of each of the defendants. Upon entry of judgment, the court, on its own motion ordered that a new trial be granted the plaintiff. Only defendant Powell has appealed from the order.

The order granting a new trial states:

"* * * that the verdicts of the jury were contrary to law and not in accordance with the weight of the evidence in this matter * * *."

The appellant argues that Rule 59(m) of the Rules of Civil Procedure, 16 A.R.S. requires the order to specify with particularity the grounds on which it is granted. Rule 59(m) provides as follows:

"No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

The rule is designed to inform both the parties and the appellate court of the particular grounds upon which the trial court has acted in granting a new trial. Heaton v. Waters, 8 Ariz.App. 256, 445 P.2d 458 (1968). It is evident that the order in this case does not meet the requirements of Ariz.R.Civ.P. 59(m). Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966); Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 164, 412 P.2d 272, 278 (1966). The result is that the appellate court will presume that the jury verdict was correct and places the burden on the appellee to convince the reviewing court that the trial court did not err in ordering a new trial. Estabrook v. J. C. Penney Co., 105 Ariz. 302, 464 P.2d 325 (filed January 22, 1970); Yoo Thun Lim v. Crespin, supra.

The evidence shows that Powell and Klein were traveling east on Ft. Lowell Road. At the scene of the accident, Ft. Lowell is a two-lane road, one lane east and one lane west. The vehicle driven by the defendant Andresano was traveling in the same direction and two cars behind the Powell vehicle. Both Powell and Klein testified that Powell entered the intersection properly, used the proper directional signal for a left-hand turn and, in general, did everything required to make a proper left-hand turn. Halfway through the turn the Powell vehicle was struck on the left rear fender by the Andresano vehicle. The latter had pulled into the westbound lane of Ft. Lowell, passed the vehicle between it and the Powell vehicle and was attempting to pass on the *left-hand side* of the Powell vehicle which was in the intersection at the time of impact.

Powell testified his directional signal was still on after the accident. The only evidence of any negligence on Powell's part came, not from the plaintiff, but from the lips of Mr. Andresano who claimed that Powell did not signal for a left-hand turn.

In the case of Heaton v. Waters, supra, at 462, we said:

"* * * While in *Yoo Thun Lim,* the Court expressly overruled some statements made by the Court in State v. Ross, 97 Ariz. 51, 396 P.2d 619 (1964), on the effect of the trial court's failure to comply with Rule 59(m), our Supreme Court left untouched the long-standing rule that an Arizona trial judge, '* * * sitting as a thirteenth juror, * * *' may weigh the evidence in passing on a motion for new trial. [citation omitted.] An appellate court will not disturb an order granting a new trial '* * * unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion. [citations omitted.]' "

Upon examination of the entire record we find no abuse of the trial judge's broad discretion. Andresano testified that he did not see any left-hand turn signal from the Powell vehicle and that he was in such a position that if Powell did in fact give such a signal, he would have seen it. The trial judge saw and heard the par-

ties and witnesses testify. We cannot say that the probative weight of the evidence clearly demonstrates error on his part in granting a new trial.

The judgment granting a new trial is affirmed.

KRUCKER and HATHAWAY, JJ., concur.