540 P.2d 710

**George Joseph JOY and Jo Joy, husband and wife, Appellants,**

v.

**Jay M. RALEY, a minor, by his father and guardian ad litem, John N. Raley, and John N. Raley, Appellees.**

**No. I CA–CIV 2610.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 2, 1975.

Bradshaw & Benesch by Wayne C. Benesch, Yuma, for appellants.

Rees, Mercaldo & Smith, P. C. by Paul G. Rees, Jr., Tucson, for appellees.

## OPINION

FROEB, Judge.

In this negligence action, the jury returned a verdict in favor of the defendants (appellants). The trial court thereafter granted the motion of the plaintiffs (appellees) for a new trial on the ground that the verdict was not justified by the evidence. 16 A.R.S. Rules of Civil Procedure, Rule 59(a)(8). The motion and order of the trial court were in compliance with Rule 59.

On review, we adhere to the rule that the burden is on the appellant to show affirmatively a manifest abuse of discretion. *Cano v. Neill,* 12 Ariz.App. 562, 473 P.2d 487 (1970). Such a showing has not been made in this case.

The basic facts shown at the trial can be set forth summarily. At about 8:00 P.M., on November 6, 1971, Jay Michael Raley (Raley), then age 12, was riding his bicycle diagonally across a vacant lot in Yuma,

Arizona. As Raley crossed the middle of the lot, George Joy (Joy), accompanied by his wife, started backing his pickup truck in a circular arc on the other side of the lot where it had been parked, watching the direction of travel through the rear window. It was almost dark at the time. The headlights and the backup lights of the Joy truck were on. Raley's bicycle had a generator-driven light which was on and directed forward. His bicycle also had reflector tape on the frame. Except for Raley's brother who was riding his own bicycle nearby, there were no other persons or vehicles close at hand, although there was evidence that the lot was used frequently by bicyclists, pedestrians and vehicles. As Raley reached the center of the lot, he went up and over a small rise, lifting the front wheel of his bicycle slightly off the ground. He saw the truck and tried to take evasive action. Almost instantaneously he collided with the rear of the pickup truck which was still backing. Although Joy stopped the truck upon impact, the right rear wheel continued to roll over the boy's leg causing serious injury.

The evidence in the case would have supported findings of negligence of Joy, contributory negligence of Raley, or their freedom, respectively, from either negligence or contributory negligence. The jury verdict was in favor of the defendants. The trial court thereafter determined that the verdict was not justified because the weight of the evidence showed Joy was negligent and Raley was not contributorily negligent. A new trial was granted. Defendants contend that the trial court abused its discretion in granting the motion.

■ It is well settled, as a general principle, that the granting of a new trial is discretionary with the trial court, but that it must nonetheless be exercised according to reason and law. *Morrison v. McMinn*, 88 Ariz. 261, 355 P.2d 900 (1960). An appellate court will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the decision of the trial court is a manifest abuse of discretion. The trial court is not justified in setting aside a verdict and granting a new trial where there is substantial evidence to support the verdict or the evidence is "equiponderant" or nearly so. *Smith v. Moroney*, 79 Ariz. 35, 282 P.2d 470 (1955). Stated another way, the trial court cannot grant a new trial where the evidence merely balances on its mental scales. *Cano v. Neill*, supra.

■ But once the trial judge has exercised his discretion in favor of granting a new trial, his order will be affirmed *even if it is the view of the appellate court that the evidence is merely "equiponderant," i. e., evenly balnaced on the mental scales of the appellate court. Smith v. Moroney; Cano v. Neill;* supra. Thus the order will be affirmed unless the appellate court finds the weight of the evidence to be *in favor* of the verdict. The principle is stated in *Smith v. Moroney,* supra, as follows:

We do not agree with the defendants that the trial court abuses its discretion in granting a motion for new trial where the evidence is equiponderant or nearly so or where there is substantial evidence to support a verdict, at least when used in the sense as used by defendants, that of simply measuring the effect of the words of one witness as opposed to the words of another or of others, for the reason that this deprives the trial judge of the right to determine the innate fitness of the justice dispensed. We will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion. (79 Ariz. at 39, 282 P.2d at 472).

■ In reviewing the record of evidence in this case, we arrive at the conclusion that it balances evenly both as to the claimed negligence of Joy as well as to the claimed negligence of Raley. We recog-

nize this is at variance with the findings of the trial court that the weight of the evidence was against the verdict, but we also recognize that the trial court had the better opportunity to evaluate the demeanor of the witnesses and consider at close hand the weight of the evidence as a whole. Thus, we affirm the order granting a new trial.

Judgment affirmed.

OGG, P. J., and DONOFRIO, J., concur.