560 P.2d 420

**CITY OF GLENDALE, a political subdivision of the State of Arizona, Appellant,**

v.

**Glen BRADSHAW, by and through Corena Bradshaw, guardian of the person and of the estate of Glen Bradshaw, an incompetent, and Corena Bradshaw, his wife, Appellees.**

**No. 12640.**

Supreme Court of Arizona, In Banc.

Feb. 3, 1977.

Biaett & Bahde by Kenneth Biaett, Phoenix, for appellant.

Divelbiss & Gage by G. David Gage, Phoenix, for appellees.

GORDON, Justice:

This action stems from a trial on the issue of appellee's loss of consortium. The original personal injury suit was tried in 1970, resulting in a verdict and judgment of $280,000 for plaintiffs Bradshaw. This was affirmed on appeal, *City of Glendale v. Bradshaw*, 16 Ariz.App. 348, 493 P.2d 515, motions for rehearing denied, 16 Ariz.App. 483, 494 P.2d 383, petition for review was accepted and the case was remanded for trial on the loss of consortium issue, 108 Ariz. 582, 503 P.2d 803 (1972).

At trial on the loss of consortium issue, a verdict was reached by the jury which stated:

"We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find for the plaintiff Corena Bradshaw on her claim for loss of consortium and fix her damages in the sum of *$No.*"

The judge granted the Bradshaw motion for a new trial, limiting his grounds to 16 A.R.S. Rules of Civil Procedure, rule 59(a)(8):

"A verdict, decision or judgment may be vacated and a new trial granted on motion of the aggrieved party for any of the following causes materially affecting his rights: * * * [t]hat the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law."

The City of Glendale appealed from this order; we took jurisdiction pursuant to 17A A.R.S. Sup.Ct.Rules, rule 47(e).

The facts underlying this appeal are clear. Because of an automobile accident in 1969, Glen Bradshaw sustained severe brain damage and lost sight in one eye. He now requires institutionalization. The City of Glendale was held liable for its care of the street where the accident occurred. Evidence was presented at trial that Veryl Evelyn Fandrey, a defendant to the original action, was driving the automobile after she and Glen Bradshaw had spent the evening at a bar in Phoenix. Their destination at the time of the accident was unknown, although the direction of travel was opposite to either occupant's home. Corena Bradshaw was aware of her husband's whereabouts that night but declined to accompany him due to illness. All witnesses at trial on remand were called by appellee; appellant's counsel cross-examined only Mrs. Bradshaw and Mrs. Fandrey. The majority of evidence at trial related to Mrs. Bradshaw's life after the accident.

Although appellee presented cross-questions on appeal, we dispose of this case on the single issue of whether the trial court abused its discretion in granting a new trial on the basis that the verdict was not justified by the evidence or was contrary to law. Because the wide discretion afforded the

**238**

trial court in granting a new trial was not abused in this case, we affirm the trial judge's decision.

As the Court of Appeals recently stated, "[a]n appellate court will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the decision of the trial court is a manifest abuse of discretion." *Joy v. Raley*, 24 Ariz.App. 584 at 585, 540 P.2d 710 at 711 (1975); *Aguilar v. Carpenter*, 1 Ariz. App. 36, 399 P.2d 124 (1965). It is clear, for example, that " * * * the trial court cannot grant a new trial where the evidence merely balances on its mental scales." *Joy, supra*, at 585, 540 P.2d at 711. *See also Cano v. Neill*, 12 Ariz.App. 562, 473 P.2d 487 (1970).

A trial court would abuse its discretion if all evidence brought forth at trial supported one party's stance, the jury's verdict followed that evidence, and a new trial was ordered nonetheless. In the case before us, appellant brought forth no witnesses or evidence controverting appellee's evidence. Appellant did, of course, cross-examine two of appellee's witnesses, leaving credibility for the jury to determine. But it cannot be said that the evidence was so equiponderant or even weighted toward appellant that the trial court abused its discretion in setting aside the verdict and granting a new trial. *See Joy v. Raley, supra*, 24 Ariz.App. at 585, 540 P.2d at 711 (1975); *Smith v. Moroney*, 79 Ariz. 35, 282 P.2d 470 (1955).

▮ Of all grounds upon which a new trial can be granted, 16 A.R.S. Rules of Civil Procedure, rule 59(a)(8) is least susceptible to appellate scrutiny. To say the verdict is not contrary to the evidence requires a review and a weighing of the possible effect of the evidence which is not within our domain. We can view the broad scope of the trial only. Whether the judge's grant was clearly erroneous depends on whether the evidence supported the verdict or not. *See Gillespie Land and Irrigation Company v. Gonzalez*, 93 Ariz. 152, 379 P.2d 135 (1963). But such a determination is uniquely within the province of the trial judge. *See Young Mines Co., Ltd. v. Citi-*

zens' State Bk., 37 Ariz. 521, 296 P. 247 (1931). The judge saw the witnesses, heard the testimony, knew the issues, and had a perspective on the relationship between evidence and verdict we can never achieve by a bare reading of the record. The proposition that a trial court judge has broad discretion in granting a new trial is well settled. *See Johnson v. Elliott*, 112 Ariz. 57, 537 P.2d 927 (1975); *Creamer v. Troiano*, 108 Ariz. 573, 503 P.2d 794 (1972); *State v. Ross*, 97 Ariz. 51, 396 P.2d 619 (1964), overruled on other grounds, *Yoo Thun Lim v. Crespin*, 100 Ariz. 80, 411 P.2d 809 (1966); *Gillespie Land and Irrigation Company v. Gonzalez*, 93 Ariz. 152, 379 P.2d 135 (1963); *Joy v. Raley*, 24 Ariz.App. 584, 540 P.2d 710 (1975); *Cano v. Neill*, 12 Ariz.App. 562, 473 P.2d 487 (1970); *Aegerter v. Duncan*, 7 Ariz.App. 239, 437 P.2d 991 (1968); *Pacific Guano Company v. Pinal County Land Company*, 1 Ariz.App. 34, 399 P.2d 122 (1965).

▮ We note in conclusion the statement in *Sadler v. Arizona Flour Mills Co.*, 58 Ariz. 486 at 490, 121 P.2d 412 at 413 (1942) cited in *State v. Ross*, 97 Ariz. 51 at 54, 396 P.2d 619 at 621 (1964): "The granting of a new trial is different from an order refusing a new trial, for in the former the rights of the parties are never finally disposed of as in the latter they may be. The courts accordingly are more liberal in sustaining an order for new trial than where it is denied."

The appellant has not sustained its burden of demonstrating that the trial court's act was a manifest abuse of discretion; the order of the trial court granting a new trial is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.