580 P.2d 2

Richard Gene REEVES, Alton Reeves and Helen Doe Reeves, husband and wife, doing business as Reeves Livestock Transport, Appellants,

v.

Irene MARKLE, surviving spouse of Robert C. Markle, for and on behalf of Irene Markle and the surviving children of Robert C. Markle, Appellee.

No. 2 CA–CIV 2442.

Court of Appeals of Arizona, Division 2.

Oct. 26, 1977.

Rehearing Denied Dec. 1, 1977.

Review Granted Jan. 4, 1978.

Price, Tinney, Lindberg & Gianas by John E. Lindberg, Tucson, for appellants.

Quigley & Quigley, P. C. by John M. Quigley, Tucson, for appellee.

## OPINION

RICHMOND, Judge.

This is an appeal from an order granting a new trial following a defense verdict in a wrongful death action.

Robert C. Markle, appellee's decedent, died as the result of injuries he sustained in an accident that occurred on May 8, 1975, on interstate highway I–10 between Benson and Willcox in Cochise County. Markle's small car was struck from the rear by a cattle truck driven by appellant Richard Gene (Ricky) Reeves in the scope of his employment. Both vehicles were traveling in an easterly direction. There were two lanes for eastbound traffic.

Reeves testified that he approached the car at a speed of 55 to 60 m. p. h., and was gaining on it "pretty fast." When the car was a quarter of a mile ahead of him, Reeves noted that it was "weaving a little" and was uncertain what it was going to do.

Both vehicles were then in the right lane. Reeves continued to drive at the same speed. When the vehicles were about five truck lengths apart, Reeves actuated his turn signal and started into the left lane to pass the car. When his truck was three quarters of the way into the left lane, the car moved into the left lane in front of him, without any turn signal indication. Reeves testified he immediately returned to the right lane and as he started to pass the car on the right, it veered in front of the truck and he swerved to his left but was unable to avoid the collision.

The trial court's order granting appellee's motion for new trial stated the following grounds:

\* \* \* \* \* \*

"3) Plaintiffs Motion for a New Trial be, and the same is, hereby granted because the Court erred in admitting or rejecting evidence as follows:

"a) The refusal of the Court to permit plaintiff's expert witness to testify to his opinion as to the speed of the decedent's [sic] automobile at the point it was separated from the defendants truck immediately after the impact.

"b) The refusal to allow the plaintiff's expert to express his opinion as to the speed differential between the vehicles at the point of impact and the resulting calculation of the speed range of the defendant's truck immediately prior to the impact.

"c) The refusal to permit the expert witness to state his opinion as to the normal stopping distance of defendant's truck, traveling at 55 mph, under conditions of normal braking, emergency braking, and free coasting.

"d) The Court denied plaintiff's right to introduce certain evidentiary matters tending to show defendant's violation of the motor carrier safety regulations of the Department of Transportation, including, but not limited to, the following:

"i) That no written road tests were ever given to the driver; the purpose for which logs must be kept; the mandatory

requirement that both driver and employer be completely knowledgeable of all safety regulations.

"4) The Court erred in charging the jury in that it refused to give an instruction submitting issue of last clear chance to the jury.

"5) Upon the further ground that the verdict of the jury is not justified by the evidence and contrary to the great weight of evidence, and in connection therewith, the Court declares that it has reviewed the sufficiency of the evidence to support the judgment, and that the Court was shocked by the verdict of the jury."

■ We find no error in rejection of the evidence to which the court refers in its order. The court correctly precluded the expert witness from expressing an opinion on the speed of the Markle car as it separated from the truck immediately after impact, because the witness had testified that "what it did [for a substantial distance] to the point of rest would be almost pure speculation." He later testified that the purported foundation for his opinion on its speed at separation included "friction and speed velocity due to friction *throughout the course* of the path of the Markle vehicle, . . . ." Taken together, the two answers present a crucial gap in the foundation for his opinion.

It does not appear from the record that the witness ever was asked for his opinion as to the differential in speed of the vehicles at impact and resulting calculation of the speed range of the truck immediately prior thereto. Being unable to reach a qualified opinion as to the speed of the car, however, the witness obviously could not have used its speed to calculate the speed of the truck.

The truck traveled 1482 feet from the point of impact before stopping. After it had been established that the expert witness knew how a similar truck stops or slows with and without brake application, he was asked:

"Q. With regard to a truck of the nature of the Peterbilt, if a vehicle of this particular nature was travelling along the highway, and let's assume that it's travelling at 60 miles an hour in flat country, if a person stopped giving it fuel, would you be able to tell us how long it would take an unloaded vehicle of this nature, weighing approximately 29,-000 total pounds, to come to a stop?

"A. Yes, sir, I can calculate that.

"Q. Will you please do so?

"A. Yes, sir.

"MR. LINDBERG: Excuse me, if the court please. I will object as being (a) immaterial; (b) insufficient foundation; and this is a hypothetical question. It certainly doesn't include the facts that are in this case.

"THE COURT: Are you talking about the truck just coasting along without applying any brakes at all?

"MR. QUIGLEY: Yes, sir.

"THE COURT: Is that the situation that existed in this case? Does the evidence show that?

"MR. QUIGLEY: No, sir.

"THE COURT: Sustain the objection."

Reeves had testified:

"Q. From the time and point where the impact took place on May eighth how far was it to the point where you brought your truck to a stop?

"A. Oh, I don't know. When I seen what had happened I—I let off the brakes and trying to see where the car was, and I was trying to get up the hill and out of the way."

■ Without any evidence of normal braking, emergency braking, or free coasting, the witness's opinion as to normal stopping distances under those conditions was neither material nor relevant.

■ Nor do we believe it was error for the trial court to have precluded appellees from introducing evidence of certain violations of motor vehicle carrier safety regulations, while admitting evidence of others. Violations of such regulations as drinking on duty and driving more than three times longer than the time prescribed were estab-

lished by the evidence and were clearly material. The same cannot be said of failure to take written road tests, keep logs, or be "completely knowledgeable of all safety regulations," which appellee argues were admissible against the appellant employer on the issue of negligent entrustment, without a determination first that the driver in fact had violated some safety regulation because he was unaware of it.

The last clear chance instruction was properly refused. The doctrine is available to an oblivious or inattentive plaintiff, as distinguished from a plaintiff in a position of inextricable peril, where (a) the plaintiff has negligently subjected himself to a danger which he could have avoided by the exercise of reasonable vigilance; (b) the defendant actually saw or knew of the plaintiff's situation and realized or ought to have realized that the plaintiff was inattentive, and (c) the defendant thereafter had a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and failure to do so. *Odekirk v. Austin*, 90 Ariz. 97, 366 P.2d 80 (1961).

Assuming arguendo that Reeves should have realized that Markle was inattentive when he saw the car "weaving a little" at a distance of a quarter of a mile, or when it changed lanes without signalling as he first started to pass it on the left, it was not until it veered in front of him in the right lane a second or two before impact that he *saw* or *knew* of Markle's situation. At his admitted speed of 55 to 60 m.p. h., Reeves then had no clear chance to avoid the accident, and the doctrine was inapplicable. *See Bryan v. Southern Pacific Company*, 79 Ariz. 253, 286 P.2d 761 (1955).

The remaining question is whether the trial court's order can be sustained on the ground that the jury verdict was not justified by the evidence. Ordinarily, that is the least susceptible to appellate scrutiny of all grounds upon which a new trial can be granted. *City of Glendale v. Bradshaw*,

114 Ariz. 236, 560 P.2d 420 (Sup.1977). An order granting a new trial will not be disturbed unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion. *Smith v. Moroney*, 79 Ariz. 35, 282 P.2d 470 (1955).

The result is otherwise where the trial court's order does not specify with particularity the ground or grounds on which the new trial is granted, as required by Rule 59(m), 16 A.R.S. Rules of Civil Procedure.[1] In such situations, it would appear from a literal reading of the rule that the defective portion of the order is a nullity, and the supreme court on one occasion has said it will disregard the unspecific reasons and assume the trial judge acted only on the grounds which comply with the specificity requirements. *Estabrook v. J. C. Penney Company*, 105 Ariz. 302, 464 P.2d 325 (1970). In *Estabrook*, however, the court also cited with approval *Yoo Thun Lim v. Crespin*, 100 Ariz. 80, 411 P.2d 809 (1966), holding that where the trial court does not specify with particularity the grounds for ordering a new trial, the reviewing court "will presume that the verdict of the jury was correct, placing the burden on the appellee to convince [the reviewing court] that the trial court did not err in ordering a new trial." 100 Ariz. at 83, 411 P.2d at 811.

It is clear that the trial court's order in the instant case with respect to the weight of the evidence did not comply with Rule 59(m), but it is less clear from the cases what burden is shifted from appellants to appellee under those circumstances. Is it merely the burden of demonstrating that the trial court's act was not a manifest abuse of discretion? *See City of Glendale v. Bradshaw*, supra. Or is it the burden enunciated in *Smith v. Moroney*, supra, which when shifted to appellee, would require that the order granting a new trial be vacated unless the probative force of the evidence clearly demonstrates that the trial

---

1. *"Specification of grounds of new trial in order.* No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

court's action was not wrong and unjust? In other words, what is required under *Crespin* "to convince" the reviewing court that the trial court did not err?

In its recent opinion in *City of Glendale v. Bradshaw*, supra, where the burden remained with appellant, the court said:

"* * * To say the verdict is not contrary to the evidence requires a review and a weighing of the possible effect of the evidence which is not within our domain. * * *"

114 Ariz. at 238, 560 P.2d at 422.

We see no more justification for a weighing of the evidence at the appellate level where the burden has shifted to appellee. The language in *Crespin* supports this conclusion:

"* * * The jury could have drawn an inference of negligence from the facts and circumstances of the case but it was not required to. It was not required to reach a conclusion which is not compelled by force of law and, therefore, it cannot be said that the verdict is contrary to law or without justification in the evidence."

100 Ariz. at 85, 411 P.2d at 812.

Also, in rejecting the argument that the defendant's failure to control his automobile in such a manner as to avoid a collision constituted a violation of A.R.S. § 28–701, the court reasoned:

"* * * Consequently, it cannot be said that Lim was guilty of negligence as a matter of law."

100 Ariz. at 86, 411 P.2d at 813.

█ In summary, we believe that where the trial court does not specify with particularity in what respect the verdict is not justified by the evidence, the presumption that the jury verdict was correct is conclusive if there is any evidence to sustain it.[2] The jury saw the witnesses, heard the testimony, was instructed on the issues, and had a perspective on the relationship between evidence and verdict we can never achieve by a bare reading of the record. *Cf. City of Glendale v. Bradshaw*, supra.

The case was properly submitted to the jury on the issues of negligence, proximate cause, and contributory negligence of appellee's decedent. Appellee has failed to overcome the presumption that the new trial was erroneously granted.

The order granting the motion for new trial is vacated and it is ordered that judgment be entered on the jury's verdict in favor of appellants.

Reversed.

HOWARD, C. J., and HATHAWAY, J., concur.

___

2. Anything to the contrary in our opinion in *Powell v. Klein*, 11 Ariz.App. 360, 464 P.2d 806 (1970), is expressly overruled.