247 P.3d 187 (2011)
Gerald L. McBRIDE, Plaintiff/Counterdefendant/Appellant, and Billie T. McBride, Counterdefendant/Appellant,
v.
KIECKHEFER ASSOCIATES, INC., an Arizona corporation; Eugene P. Polk and Barbara J. Polk, husband and wife; and John I. Kieckhefer and Lynda B. Kieckhefer, husband and wife, Defendants/Counterclaimants/Appellees.
No. 1 CA-CV 09-0299.
Court of Appeals of Arizona, Division 1, Department E.
January 27, 2011.
*188 Bonnett, Fairbourn, Friedman & Balint, P.C. By William G. Fairbourn, Patrick T. Stanley, and Martin & Bonnett, PLLC By Daniel L. Bonnett, Mark A. Bracken, Phoenix, Attorneys for Apellants.
Meyer Hendricks, PLLC By Ed Hendricks, Sr., Brendan Murphy, Scott Mihalik, Phoenix, Attorneys for Appellees.

OPINION
GEMMILL, Judge.

SUMMARY
¶ 1 In this appeal we address the different roles of a trial judge when ruling on motions for judgment as a matter of law ("JMOL") compared to motions for new trial. We also address the different standards of appellate review applied to such rulings.
¶ 2 Appellants Gerald L. McBride and Billie T. McBride filed an action for damages against Appellees Kieckhefer Associates, Inc., Eugene P. Polk, Barbara J. Polk, John I. Kieckhefer, and Lynda B. Kieckhefer.[1] KAI asserted a statute of limitations defense. An initial jury trial was conducted to determine if the parties had agreed to toll the statute of limitations. The jury found in favor of McBride. The trial court thereafter *189 granted KAI's renewed motion for JMOL and also conditionally granted KAI a new trial. See Ariz. R. Civ. P. 50(b), (c).
¶ 3 McBride contends the trial court erred in granting KAI's renewed motion for JMOL. We agree and therefore reverse the JMOL. McBride further contends that the trial court erred in conditionally granting a new trial on the tolling issue. Because we conclude that granting a new trial was within the trial court's broad discretion, we affirm that ruling. Accordingly, we remand for a new trial and any other proceedings consistent with this decision.

BACKGROUND
¶ 4 McBride was employed by KAI as its treasurer and tax manager until early March 1998. McBride filed a complaint in late May 1999, alleging that KAI wrongfully terminated him. KAI answered and asserted counterclaims against McBride. KAI subsequently moved for judgment on the pleadings and summary judgment, arguing McBride's claims were barred by the one-year statute of limitations, Arizona Revised Statutes ("A.R.S.") section 12-541 (2003). In opposition to KAI's motions, McBride argued that the parties' attorneysDaniel Bonnett representing McBride and Richard Walker representing KAIorally agreed before litigation commenced that the statute of limitations would be tolled while the parties attempted to negotiate a settlement. McBride also argued KAI should be equitably estopped from asserting a statute of limitations defense. The trial court granted KAI summary judgment, McBride appealed, and we reversed. See McBride v. Kieckheffer Assoc., Inc., 1 CA-CV 02-0020 (Ariz.App. Oct. 10, 2002).
¶ 5 Upon remand, the trial court ordered a bifurcated jury trial. The first trial would determine the viability of KAI's statute of limitations defense. The jury had two functions in the initial trial: first, to resolve whether the parties had agreed to toll the statute of limitations; and second, to serve in an advisory capacity by answering interrogatories that would assist the court in ruling whether KAI was equitably estopped from asserting the statute of limitations defense. Depending on the outcome of the statute of limitations trial, a second trial would presumably address the merits of the underlying claims and counterclaims.
¶ 6 At the initial trial, the parties presented conflicting evidence as to the existence of a tolling agreement.[2] At the close of evidence, KAI moved for judgment as a matter of law arguing the evidence showed the parties did not intend to enter into a tolling agreement because the agreement's terms were indefinite. KAI also argued there was no evidence of McBride's duress, which was a necessary element of the equitable estoppel claim. The trial judge denied the motion, explaining that he thought there was "evidence that reasonable people could disagree upon" and that the issues needed to go to the jury.
¶ 7 The jury returned a verdict in McBride's favor on the tolling agreement claim. The jury also found, by its answers to the interrogatories, that McBride had satisfied the elements necessary to support his equitable estoppel claim. The court subsequently rejected the jury's advisory findings and found in favor of KAI on the equitable estoppel claim.
¶ 8 KAI filed a renewed motion for judgment as a matter of law and, in the alternative, motion for new trial ("Renewed JMOL Motion") in accordance with Arizona Rule of Civil Procedure ("Rule") 50(b). In addition to reiterating the argument that the evidence of the purported tolling agreement was insufficient to send the issue to the jury, KAI argued in the alternative that it was entitled to a new trial because the jury verdict was the result of passion or prejudice based on McBride's trial counsel's misconduct during closing arguments and the paucity of trial evidence showing a tolling agreement existed. See Ariz. R. Civ. P. 59(a)(2), (7), (8).
¶ 9 After argument, the court granted KAI's Renewed JMOL Motion but stayed its order pending the resolution of an unrelated issue. The court lifted the stay in March 2009 and ordered McBride's claims dismissed *190 with prejudice. The court alternatively granted KAI a new trial on the tolling agreement claim in the event its entry of JMOL is reversed on appeal. McBride timely appeals.

ANALYSIS

Judgment as a Matter of Law
¶ 10 We review de novo whether the trial court should have granted KAI's Renewed JMOL Motion. See Aegis of Ariz., LLC. v. Town of Marana, 206 Ariz. 557, 566, ¶ 34, 81 P.3d 1016, 1025 (App.2003); Trustmark Ins. Co. v. Bank One, 202 Ariz. 535, 541, ¶ 30, 48 P.3d 485, 491 (App.2002). A trial court properly grants JMOL "only if the facts presented in support of a claim have so little probative value that reasonable people could not find for the claimant." Shoen v. Shoen, 191 Ariz. 64, 65, 952 P.2d 302, 303 (App.1997). In making this determination, we view the evidence in a light most favorable to upholding the jury verdict. Trustmark, 202 Ariz. at 541, ¶ 30, 48 P.3d at 491.
¶ 11 When considering motions for directed verdict or JMOL, a trial court may not weigh the credibility of witnesses or resolve conflicts of evidence and reasonable inferences drawn therefrom. See Estate of Reinen v. Northern Arizona Orthopedics, Ltd., 198 Ariz. 283, 287-88, ¶¶ 12, 15, 9 P.3d 314, 318-19 (2000); Thompson v. Better-Bilt Aluminum Products Co., Inc., 171 Ariz. 550, 558, 832 P.2d 203, 211 (1992). A trial judge, in considering the analogous motion for judgment of acquittal in criminal cases, must give "full credence to the right of the jury to determine credibility, weigh the evidence, and draw justifiable conclusions therefrom." State v. Clifton, 134 Ariz. 345, 348, 656 P.2d 634, 637 (App.1982). See also State v. Tubbs, 155 Ariz. 533, 535, 747 P.2d 1232, 1234 (App. 1987).
¶ 12 Here, Bonnett testified at trial that he and Walker agreed that the one-year statute of limitations would be tolled as long as settlement negotiations proceeded. Shortly after making this agreement, Bonnett told McBride about it. McBride also testified that Bonnett told him about the tolling agreement before litigation commenced. When settlement negotiations stalled in May 1999, Bonnett informed Walker that McBride believed KAI was no longer negotiating in good faith, and therefore he would commence litigation. The complaint was filed seven days later. Bonnett further testified that, because he and Walker agreed "that there wouldn't be a statute of limitations issue raised[,]" he was "shocked and disappointed" upon learning that KAI was asserting a statute of limitations defense. When he thereafter telephoned Walker, Bonnett testified that Walker did not deny that they had agreed to toll the statute of limitations.
¶ 13 Walker, on the other hand, testified that he was "highly confident" he had not made such an agreement. Walker also testified that at the time of the negotiations that preceded the filing of the complaint, he did not know the applicable statute of limitations. He also testified, moreover, that he continued to negotiate settlement terms with Bonnett after the statute of limitations had expired.
¶ 14 Based on the record, reasonable persons could conclude that a tolling agreement existed so as to render McBride's complaint timely filed. Although KAI presented considerable conflicting evidence,[3] credibility determinations and the weighing of evidence were issues to be resolved by the jury, not the trial court, on the Renewed JMOL Motion. Because the trial evidence was sufficient to support the jury's verdict finding the tolling agreement existed, the trial court erred when it granted KAI's Renewed JMOL Motion. We therefore vacate the trial court's judgment granting KAI's Renewed JMOL Motion.

New Trial
¶ 15 Having concluded the trial court erred in granting the Renewed JMOL Motion, *191 we next address the decision to grant, in the alternative, a new trial on the tolling agreement claim.
¶ 16 Instead of the de novo standard of appellate review applicable when evaluating the granting of a JMOL, we apply an abuse of discretion standard when reviewing a trial court's decision to grant a new trial. See City of Glendale v. Bradshaw, 114 Ariz. 236, 237-38, 560 P.2d 420, 421-22 (1977) (discussing "the wide discretion afforded the trial court in granting a new trial"); Delbridge v. Salt River Project Agric. Improvement & Power Dist., 182 Ariz. 46, 53, 893 P.2d 46, 53 (App.1994) (explaining that a "trial court has considerable discretion in the grant or denial of a motion for new trial, and we will not overturn that decision absent a clear abuse of discretion"). We apply a more liberal standard when reviewing an order granting a new trial than an order denying one. Caldwell v. Tremper, 90 Ariz. 241, 246, 367 P.2d 266, 269 (1962); Englert v. Carondelet Health Network, 199 Ariz. 21, 25, ¶ 5, 13 P.3d 763, 767 (App.2000).
¶ 17 Additionally, when reviewing an order granting a new trial on the grounds that the verdict is contrary to the evidence, we will "resolve every conflict in the evidence in support of the order, just as we follow the same rule in support of a verdict or findings which are before us for review." Young Mines Co. v. Citizens' State Bank, 37 Ariz. 521, 526, 296 P. 247, 249 (1931). Our supreme court has emphasized that granting a new trial because the verdict is against the weight of the evidence and does not achieve substantial justice is the "least susceptible to appellate scrutiny." Bradshaw, 114 Ariz. at 238, 560 P.2d at 422.
¶ 18 When ruling on a motion for new trial, a trial court is entitled to evaluate the credibility of witnesses and weigh the evidence to determine if the verdict is against the weight of the evidence and contrary to substantial justice. See Reeves v. Markle, 119 Ariz. 159, 163-64, 579 P.2d 1382, 1386-87 (1978); Tubbs, 155 Ariz. at 535, 747 P.2d at 1234; Clifton, 134 Ariz. at 348, 656 P.2d at 637. In contrast to ruling on a motion for directed verdict or JMOL,
when the [trial] court considers a motion for a new trial, its power is significantly expanded .... Unlike a motion for a directed verdict, a motion for a new trial is discretionary and as such, in considering the motion for new trial, the trial court may weigh the evidence and consider the credibility of witnesses. Because a motion for a new trial based on the claim that the verdict is contrary to the weight of the evidence involves weighing evidence and determining the credibility of witnesses, the trial court's ruling on such a motion will not be reversed on appeal absent an abuse of discretion.
Tubbs, 155 Ariz. at 535, 747 P.2d at 1234 (citations omitted; emphasis added). Our supreme court has explained that it is the duty of the trial court to "pass on the weight of the evidence and if, after a full consideration of the case, in its discretion it believes that the verdict was contrary to the weight of the evidence, and that substantial justice has not been done between the parties, it is its duty to set aside the verdict and grant a new trial." Smith v. Moroney, 79 Ariz. 35, 38, 282 P.2d 470, 472 (1955) (quoting Young Mines Co., 37 Ariz. at 525, 296 P. at 249). If we conclude, after applying these principles, that the evidence supports the trial court's discretionary granting of a new trial, we will affirm.
¶ 19 The trial court granted KAI a new trial for these reasons: the verdict was not justified by the evidence; misconduct of McBride's trial counsel; and the court's conclusion that Bonnett, because he testified at trial, improperly appeared as trial co-counsel. See Ariz. R. Civ. P. 59(a)(2), (6), (7), (8). The court found Bonnett's testimony was not credible and the "verdict was so manifestly unfair, unreasonable and outrageous as to shock the conscience." The court believed the evidence strongly favored KAI and the verdict did not achieve substantial justice. Because of the considerable deference extended to a trial court in granting a motion for new trial under these circumstances, we find no reversible error.[4]
*192 ¶ 20 McBride contends that the trial court improperly invaded the province of the jury by evaluating credibility and weighing the evidence. We disagree. The judge is entitled to determine credibility and weigh the evidence. See supra ¶ 18. Moreover, it has often been said that a trial judge in Arizona sits as a "thirteenth juror" (ninth juror in a civil case) when ruling on a motion for new trial. See Peak v. Acuna, 203 Ariz. 83, 85, ¶ 9, 50 P.3d 833, 835 (2002); Hutcherson v. City of Phoenix, 192 Ariz. 51, 55, ¶ 23, 961 P.2d 449, 453 (1998); Reeves, 119 Ariz. at 163, 579 P.2d at 1386; State v. Thomas, 104 Ariz. 408, 412, 454 P.2d 153, 157 (1969); Lyle v. Boyle, 16 Ariz.App. 198, 199-200, 492 P.2d 447, 448-49 (1972); Brooks v. De La Cruz, 12 Ariz.App. 591, 595, 473 P.2d 793, 797 (1970). Because the trial judge "sees the witnesses, hears the testimony, and has a special perspective of the relationship between the evidence and the verdict which cannot be recreated by a reviewing court from the printed record," the judge is accorded "broad discretion" in granting a new trial. Reeves, 119 Ariz. at 163, 579 P.2d at 1386.
¶ 21 For these reasons, we find no abuse of discretion regarding the trial court's order granting KAI a new trial.

Attorneys' Fees
¶ 22 Both parties request an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 (2003). It is premature in our view to award any fees until the trial court ultimately resolves the case and determines the prevailing parties. The trial court is authorized to then consider the fees and costs incurred on appeal in determining the amount to award as attorneys' fees.
¶ 23 We conclude that McBride is entitled to an award of taxable costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCLUSION
¶ 24 The trial court's order granting the Renewed JMOL Motion is reversed. The court's order granting KAI a new trial is affirmed. We remand this matter for further proceedings consistent with this decision.
CONCURRING: SHELDON H. WEISBERG, Presiding Judge and PHILIP HALL, Judge.
NOTES
[1] The McBrides will be referred to in this decision using the singular "McBride" unless the context requires otherwise. Kieckhefer Associates, Inc. and the individual Appellees will be referred to using the singular "KAI" unless the context requires otherwise.
[2] Counsel other than Walker and Bonnett represented the parties.
[3] For example, Walker testified that he would not have agreed to toll the statute of limitations without KAI's authorization to do so; representatives from KAI testified that they never authorized Walker to agree to toll the statute of limitations and had never discussed with Walker any tolling agreement or the applicable statute of limitations until after McBride commenced litigation; and McBride did not produce any evidence that Bonnett confirmed or memorialized the agreement in writing.
[4] Because we affirm the granting of a new trial on this basis, we need not address the issues presented regarding alleged misconduct of McBride's trial counsel or whether Bonnett improperly appeared as trial co-counsel.