589 P.2d 472

Arline S. KELLEY and Philip W. Kelley, her husband, Plaintiffs/Appellants,

v.

Rosalie ROBISON and Lloyd Robison, her husband, Defendants/Appellees.

No. 2 CA–CIV 2986.

Court of Appeals of Arizona, Division 2.

Nov. 24, 1978.

Rehearing Denied Dec. 27, 1978.

Review Denied Jan. 16, 1979.

Aboud & Aboud by Michael J. Aboud, Tucson, for plaintiffs/appellants.

Everett, Bury & Moeller, P. C. by J. Michael Moeller and Marshall Humphrey, III, Tucson, for defendants/appellees.

OPINION

HOWARD, Judge.

This is an appeal from a summary judgment based upon the statute of limitations. Appellants contended that the defendants were estopped to raise the defense. The trial court ruled otherwise.

The affidavit of appellant Arline Kelley shows that on November 2, 1975 she was involved in an automobile accident with Rosalie Robison who was insured by SAFECO

Insurance Company and that she suffered damage to her vehicle as well as bodily injuries. Within a few days following the accident she was contacted by an insurance adjuster for SAFECO and arrangements were made for the vehicle to be repaired at the expense of SAFECO. She also needed medical attention for her injuries. She discussed this with the SAFECO adjuster and made arrangements for SAFECO to pay her medical bills. During the first year after the accident she received medical care from a general practitioner, a specialist and a physical therapist. The insurance company paid for this medical care and also paid for the drugs prescribed for her.

Mrs. Kelley took a brief medical report from one of the doctors to the adjuster and signed authorizations for release of medical information to SAFECO.

For several months prior to October 1977 she did not see any doctors, partly because of some improvement in her condition, but primarily because of distraction by a serious illness suffered by her husband. However, in late October, 1977 discomfort from her accident injuries had worsened to the point where she finally decided to get additional medical care. On October 26, she telephoned the SAFECO adjuster and informed him of her condition, discussed with him the advisability of getting chiropractic treatment, and inquired whether this medical care would be covered. The adjuster told her she could get this treatment and not to worry, that it would be covered. Relying upon what the adjuster told her, she started treatment with a chiropractor.

On November 7, 1977, the adjuster called Mrs. Kelley to tell her that the statute of limitations had expired. Because of her dealings with SAFECO for nearly two years, she had no idea that her claim could or would be barred as long as it had been accepted. There was never any indication from the insurance company that the matter needed to be concluded by any certain time and for this reason she was led to believe that there was no need to be concerned about a deadline for filing a lawsuit.

In order to establish a prima facie case of estoppel there must be some conduct on the part of the "estopped" party which a person could reasonably interpret to mean that his claim is being accepted. *Irwin v. Pacific American Life Insurance Co.*, 10 Ariz.App. 196, 457 P.2d 736 (1969). There is considerable authority for the proposition that mere conduct of settlement negotiations does not estop the defendant from pleading the statute of limitations. *Shea North, Inc. v. Ohio Cas. Ins. Co.*, 115 Ariz. 296, 564 P.2d 1263 (App.1977). See Annot. 39 A.L.R.3d 127, Sec. 12(b). We have here, however, much more than settlement negotiations. The conduct by the insurance company in paying the property damage and medical and drug bills, coupled with the promise to pay for the chiropractor leaves a jury question as to whether Mrs. Kelley could reasonably believe that her claim was being accepted without resort to the courts. Thus summary judgment is precluded. *Shea North, Inc. v. Ohio Cas. Ins. Co.*, supra; *Suing v. Catton*, 118 Ill.App.2d 468, 254 N.E.2d 806 (1970).

The judgment is reversed and the case is remanded for further proceedings.

RICHMOND, C. J., and HATHAWAY, J., concur.