265 P.3d 1061

Gerald L. McBRIDE,
Plaintiff/Counterdefendant/Appellant,

and

Billie T. McBride,
Counterdefendant/Appellant,

v.

KIECKHEFER ASSOCIATES, INC., an
Arizona corporation; Eugene P. Polk
and Barbara J. Polk, husband and wife;
and John I. Kieckhefer and Lynda B.
Kieckhefer, husband and wife, Defen-
dants/Counterclaimants/Appellees.

No. 1 CA–CV 09–0299.

Court of Appeals of Arizona,
Division 1,

Nov. 3, 2011.

Bonnett, Fairbourn, Friedman, & Balint, P.C., By William G. Fairbourn, Patrick T.

Stanley, Phoenix, and Martin & Bonnett, PLLC, By Daniel L. Bonnett, Mark A. Bracken, Phoenix, Attorneys for Apellants.

Meyer Hendricks, PLLC By Ed Hendricks, Sr., Brendan Murphy, Scott Mihalik, Phoenix, Attorneys for Appellees.

## AMENDED OPINION

GEMMILL, Judge.

¶ 1 In this appeal we address the different roles of a trial judge when ruling on motions for judgment as a matter of law ("JMOL") compared to motions for new trial. We also address the different standards of appellate review applied to such rulings.

¶ 2 Appellants Gerald L. McBride and Billie T. McBride filed an action for damages against Appellees Kieckhefer Associates, Inc., Eugene P. Polk, Barbara J. Polk, John I. Kieckhefer, and Lynda B. Kieckhefer.[1] KAI asserted a statute of limitations defense. McBride alleged the existence of an oral tolling agreement and that equitable estoppel should apply to prevent KAI from asserting the statute of limitations defense. An initial jury trial was conducted to determine if the parties had agreed to toll the statute of limitations and if equitable estoppel would be applicable. The jury found in favor of McBride, concluding that a tolling agreement existed and also making advisory findings in support of KAI being equitably estopped from asserting the statute of limitations. The trial court rejected the advisory findings and made its own findings, concluding that KAI was not prevented from asserting the statute of limitations. The trial court thereafter granted KAI's renewed motion for JMOL regarding the existence of a tolling agreement and also conditionally granted KAI a new trial on that issue. *See* Ariz. R. Civ. P. 50(b), (c).

¶ 3 McBride contends the trial court erred in granting KAI's renewed motion for JMOL. We agree and therefore reverse the JMOL. McBride further contends that the trial court erred in conditionally granting a new trial on the tolling issue. Because we conclude that

---

1. The McBrides will be referred to in this decision using the singular "McBride" unless the context requires otherwise. Kieckhefer Associates, Inc. and the individual Appellees will be referred to using the singular "KAI" unless the context requires otherwise.

granting a new trial was within the trial court's broad discretion, we affirm that ruling. We also affirm the trial court's decision in favor of KAI on McBride's equitable estoppel claim. Accordingly, we remand for a new trial and further proceedings consistent with this opinion.

## BACKGROUND

¶ 4 McBride was employed by KAI as its treasurer and tax manager until early March 1998. McBride filed a complaint in late May 1999, alleging that KAI wrongfully terminated him. KAI answered and asserted counterclaims against McBride. KAI subsequently moved for judgment on the pleadings and summary judgment, arguing McBride's claims were barred by the one-year statute of limitations, Arizona Revised Statutes ("A.R.S.") section 12–541 (2003). In opposition to KAI's motions, McBride argued that the parties' attorneys—Daniel Bonnett representing McBride and Richard Walker representing KAI—orally agreed before litigation commenced that the statute of limitations would be tolled while the parties attempted to negotiate a settlement. McBride also argued KAI should be equitably estopped from asserting a statute of limitations defense. The trial court granted KAI summary judgment, McBride appealed, and we reversed. *See McBride v. Kieckheffer Assoc., Inc.,* 1 CA–CV 02–0020 (Ariz.App. Oct. 10, 2002).

¶ 5 Upon remand, the trial court ordered a bifurcated jury trial. The first trial would determine the viability of KAI's statute of limitations defense. The jury had two functions in the initial trial: first, to resolve whether the parties had agreed to toll the statute of limitations; and second, to serve in an advisory capacity by answering interrogatories that would assist the court in ruling whether KAI was equitably estopped from asserting the statute of limitations defense. Depending on the outcome of the statute of limitations trial, a second trial would presumably address the merits of the underlying claims and counterclaims.

¶ 6 At the initial trial, the parties presented conflicting evidence regarding the existence of a tolling agreement.[2] At the close of evidence, KAI moved for judgment as a matter of law arguing the evidence showed the parties did not intend to enter into a tolling agreement because the agreement's terms were indefinite. KAI also argued there was no evidence of McBride's duress, which was a necessary element of the equitable estoppel claim. The trial judge denied the motion, explaining that he thought there was "evidence that reasonable people could disagree upon" and that the issues needed to go to the jury.

¶ 7 The jury returned a verdict in McBride's favor on the tolling agreement claim. The jury also found, by its answers to the interrogatories, that McBride had satisfied the elements necessary to support his equitable estoppel claim. The court subsequently rejected the jury's advisory findings and found in favor of KAI on the equitable estoppel claim.

¶ 8 KAI filed a renewed motion for judgment as a matter of law and, in the alternative, motion for new trial ("Renewed JMOL Motion") in accordance with Arizona Rule of Civil Procedure ("Rule") 50(b). In addition to reiterating the argument that the evidence of the purported tolling agreement was insufficient to send the issue to the jury, KAI argued in the alternative that it was entitled to a new trial because the jury verdict was the result of passion or prejudice based on McBride's trial counsel's misconduct during closing arguments and the paucity of trial evidence showing a tolling agreement existed. *See* Ariz. R. Civ. P. 59(a)(2), (7), (8).

¶ 9 After argument, the court granted KAI's Renewed JMOL Motion but stayed its order pending the resolution of an unrelated issue. The court lifted the stay in March 2009 and ordered McBride's claims dismissed with prejudice. The court alternatively granted KAI a new trial on the tolling agreement claim in the event its entry of JMOL is reversed on appeal. McBride timely appeals.

2. Counsel other than Walker and Bonnett represented the parties at the trial.

## ANALYSIS

### Judgment as a Matter of Law

¶ 10 We review de novo whether the trial court should have granted KAI's Renewed JMOL Motion. *See Aegis of Ariz., LLC. v. Town of Marana,* 206 Ariz. 557, 566, ¶ 34, 81 P.3d 1016, 1025 (App.2003); *Trustmark Ins. Co. v. Bank One,* 202 Ariz. 535, 541, ¶ 30, 48 P.3d 485, 491 (App.2002). A trial court properly grants JMOL "only if the facts presented in support of a claim have so little probative value that reasonable people could not find for the claimant." *Shoen v. Shoen,* 191 Ariz. 64, 65, 952 P.2d 302, 303 (App.1997). In making this determination, we view the evidence in a light most favorable to upholding the jury verdict. *Trustmark,* 202 Ariz. at 541, ¶ 30, 48 P.3d at 491. Our supreme court has recently reiterated these principles in the analogous context of a criminal case. *State v. West,* 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011) (explaining that the "question of sufficiency of the evidence is one of law, subject to de novo review on appeal" and that we view "the evidence in a light most favorable to sustaining the verdict").

¶ 11 When considering motions for directed verdict or JMOL, a trial court may not weigh the credibility of witnesses or resolve conflicts of evidence and reasonable inferences drawn therefrom. *See Estate of Reinen v. Northern Arizona Orthopedics, Ltd.,* 198 Ariz. 283, 287–88, ¶¶ 12, 15, 9 P.3d 314, 318–19 (2000); *Thompson v. Better–Bilt Aluminum Products Co., Inc.,* 171 Ariz. 550, 558, 832 P.2d 203, 211 (1992). *See also West,* 226 Ariz. at 563, ¶ 18, 250 P.3d at 1192 ("in ruling on a Rule 20 motion, unlike a motion for a new trial under Arizona Rule of Criminal Procedure 24.1(c)(1), a trial court may not re-weigh the facts or disregard inferences that might reasonably be drawn from the evidence"). A trial judge must give "full credence to the right of the jury to determine credibility, weigh the evidence, and

draw justifiable conclusions therefrom." *State v. Clifton,* 134 Ariz. 345, 348, 656 P.2d 634, 637 (App.1982). *See also State v. Tubbs,* 155 Ariz. 533, 535, 747 P.2d 1232, 1234 (App. 1987).

¶ 12 Here, Bonnett testified at trial that he and Walker agreed that the one-year statute of limitations would be tolled as long as settlement negotiations proceeded. Shortly after making this agreement, Bonnett told McBride about it. McBride also testified that Bonnett told him about the tolling agreement before litigation commenced. When settlement negotiations stalled in May 1999, Bonnett informed Walker that McBride believed KAI was no longer negotiating in good faith, and therefore he would commence litigation. The complaint was filed seven days later. Bonnett further testified that, because he and Walker agreed "that there wouldn't be a statute of limitations issue raised[,]" he was "shocked and disappointed" upon learning that KAI was asserting a statute of limitations defense. Bonnett thereafter telephoned Walker, and Bonnett testified that Walker did not deny that they had agreed to toll the statute of limitations.

¶ 13 Walker, on the other hand, testified that he was "highly confident" he had not made such an agreement. Walker also testified that at the time of the negotiations that preceded the filing of the complaint, he did not know the applicable statute of limitations. He also testified, moreover, that he continued to negotiate settlement terms with Bonnett after the statute of limitations had expired.

¶ 14 Based on the record, reasonable persons could conclude that a tolling agreement existed so as to render McBride's complaint timely filed. Although KAI presented considerable conflicting evidence,[3] credibility determinations and the weighing of evidence were issues to be resolved by the jury, not the trial court, on the Renewed JMOL Motion. Because the evidence was sufficient to

---

3. For example, Walker testified that he would not have agreed to toll the statute of limitations without KAI's authorization to do so; representatives from KAI testified that they never authorized Walker to agree to toll the statute of limitations and had never discussed with Walker any tolling agreement or the applicable statute of limitations until after McBride commenced litigation; and McBride did not produce any evidence that Bonnett confirmed or memorialized the agreement in writing.

support the jury's verdict finding the tolling agreement existed, the trial court erred when it granted KAI's Renewed JMOL Motion. We therefore vacate the trial court's judgment granting KAI's Renewed JMOL Motion.

### *New Trial*

¶ 15 We next address the trial court's decision to grant, in the alternative, a new trial on the tolling agreement claim.

¶ 16 Instead of the de novo standard of appellate review applicable when evaluating the granting of a JMOL, we apply an abuse of discretion standard when reviewing a trial court's decision to grant a new trial. *See City of Glendale v. Bradshaw,* 114 Ariz. 236, 237–38, 560 P.2d 420, 421–22 (1977) (discussing "the wide discretion afforded the trial court in granting a new trial"); *Delbridge v. Salt River Project Agric. Improvement & Power Dist.,* 182 Ariz. 46, 53, 893 P.2d 46, 53 (App.1994) (explaining that a "trial court has considerable discretion in the grant or denial of a motion for new trial, and we will not overturn that decision absent a clear abuse of discretion"). We apply a more liberal standard when reviewing an order granting a new trial than an order denying one. *Caldwell v. Tremper,* 90 Ariz. 241, 246, 367 P.2d 266, 269 (1962); *Englert v. Carondelet Health Network,* 199 Ariz. 21, 25, ¶ 5, 13 P.3d 763, 767 (App.2000).

¶ 17 Additionally, when reviewing an order granting a new trial on the grounds that the verdict is contrary to the evidence, we will "resolve every conflict in the evidence in support of the order, just as we follow the same rule in support of a verdict or findings which are before us for review." *Young Mines Co. v. Citizens' State Bank,* 37 Ariz. 521, 526, 296 P. 247, 249 (1931). Our supreme court has emphasized that granting a new trial because the verdict is against the weight of the evidence and does not achieve substantial justice is the "least susceptible to appellate scrutiny." *Bradshaw,* 114 Ariz. at 238, 560 P.2d at 422.

¶ 18 When ruling on a motion for new trial, a trial court is entitled to evaluate the credibility of witnesses and weigh the evidence to determine if the verdict is against the weight of the evidence and contrary to substantial justice. *See Reeves v. Markle,* 119 Ariz. 159, 163–64, 579 P.2d 1382, 1386–87 (1978); *Tubbs,* 155 Ariz. at 535, 747 P.2d at 1234; *Clifton,* 134 Ariz. at 348, 656 P.2d at 637. In contrast to ruling on a motion for directed verdict or JMOL,

> when the [trial] court considers a motion for a new trial, *its power is significantly expanded.* . . . Unlike a motion for a directed verdict, a motion for a new trial is discretionary and as such, *in considering the motion for new trial, the trial court may weigh the evidence and consider the credibility of witnesses.* Because a motion for a new trial based on the claim that the verdict is contrary to the weight of the evidence involves *weighing evidence and determining the credibility of witnesses,* the trial court's ruling on such a motion will not be reversed on appeal absent an abuse of discretion.

*Tubbs,* 155 Ariz. at 535, 747 P.2d at 1234 (citations omitted; emphasis added). Our supreme court has explained that it is the duty of the trial court to "pass on the weight of the evidence and if, after a full consideration of the case, in its discretion it believes that the verdict was contrary to the weight of the evidence, and that substantial justice has not been done between the parties, it is its duty to set aside the verdict and grant a new trial." *Smith v. Moroney,* 79 Ariz. 35, 38, 282 P.2d 470, 472 (1955) (quoting *Young Mines Co.,* 37 Ariz. at 525, 296 P. at 249). If we conclude, after applying these principles, that the evidence supports the trial court's discretionary granting of a new trial, we will affirm.

¶ 19 The trial court granted KAI a new trial for these reasons: the verdict was not justified by the evidence; misconduct of McBride's trial counsel; and the court's conclusion that Bonnett, because he testified at trial, improperly appeared as trial co-counsel. *See* Ariz. R. Civ. P. 59(a)(2), (6), (7), (8). The court found Bonnett's testimony was not credible and the "verdict was so manifestly unfair, unreasonable and outrageous as to shock the conscience." The court believed the evidence strongly favored KAI and the

verdict did not achieve substantial justice. Because of the considerable deference extended to a trial court in granting a motion for new trial under these circumstances, we conclude that the trial court did not err in granting a new trial.[4]

¶ 20 McBride also contends that the trial court improperly invaded the province of the jury by evaluating credibility and weighing the evidence. We disagree. The judge is entitled to determine credibility and weigh the evidence. *See supra* ¶ 18. Moreover, it has often been said that a trial judge in Arizona sits as a "thirteenth juror" (ninth juror in a civil case) when ruling on a motion for new trial. *See Peak v. Acuna*, 203 Ariz. 83, 85, ¶ 9, 50 P.3d 833, 835 (2002); *Hutcherson v. City of Phoenix*, 192 Ariz. 51, 55, ¶ 23, 961 P.2d 449, 453 (1998); *Reeves*, 119 Ariz. at 163, 579 P.2d at 1386; *State v. Thomas*, 104 Ariz. 408, 412, 454 P.2d 153, 157 (1969); *Lyle v. Boyle*, 16 Ariz.App. 198, 199–200, 492 P.2d 447, 448–49 (1972); *Brooks v. De La Cruz*, 12 Ariz.App. 591, 595, 473 P.2d 793, 797 (1970). Because the trial judge "sees the witnesses, hears the testimony, and has a special perspective of the relationship between the evidence and the verdict which cannot be recreated by a reviewing court from the printed record," the judge is accorded "broad discretion" in granting a new trial. *Reeves*, 119 Ariz. at 163, 579 P.2d at 1386.

¶ 21 The trial court did not abuse its discretion in granting KAI a new trial regarding the existence of a tolling agreement.

### Equitable Estoppel

■ ¶ 22 McBride also disagrees with the trial court's ruling in favor of KAI on the equitable estoppel issue. He contends KAI should have been estopped from asserting a statute of limitations defense because KAI, acting through Walker, induced him to forgo filing a complaint during the negotiations. We understand McBride to be asserting that Walker led him and Bonnett to believe that they did not need to file their lawsuit because KAI was prepared to settle, and that McBride would be able to assert his claims if the settlement negotiations failed.

■ ¶ 23 To establish equitable estoppel, a party must generally show: (1) affirmative acts inconsistent with a claim afterwards relied upon; (2) action by a party relying on such conduct; and (3) injury to the party resulting from a repudiation of such conduct. *Tucson Elec. Power Co. v. Ariz. Dep't of Revenue*, 174 Ariz. 507, 516, 851 P.2d 132, 141 (App.1992). In *Nolde v. Frankie*, 192 Ariz. 276, 281, ¶ 20, 964 P.2d 477, 482 (1998), our supreme court addressed equitable estoppel in the context McBride attempts to use it here—to prevent a defendant from raising a statute of limitations defense:

> In determining whether a defendant is equitably estopped from asserting the statute of limitations defense based on inducement to forbear filing suit, a trial court must determine: (1) whether the defendant engaged in affirmative conduct intended to cause the plaintiff's forbearance; (2) whether the defendant's conduct actually caused the plaintiff's failure to file a timely action; (3) whether the defendant's conduct reasonably could be expected to induce forbearance; and (4) whether the plaintiff brought the action within a reasonable time after termination of the objectionable conduct.

¶ 24 Although the jury in this case fulfilled an advisory role and made findings favoring McBride, the trial court was the trier of fact and was not obligated to accept the jury's advisory findings. The court made several findings based on the four-part test in *Nolde* and found equitable estoppel did not apply. Specifically, the court found (1) that Walker did not induce McBride or Bonnett to delay filing the lawsuit, (2) that KAI and Walker did not partake in misleading conduct that caused McBride to fail to timely file his lawsuit, (3) that the settlement negotiations did not cause McBride to forebear from timely filing his lawsuit, and (4) that McBride did not file his suit within a reasonable period of time after the settlement negotiations ceased.

---

4. Because we affirm the granting of a new trial on this basis, we need not address the issues presented regarding alleged misconduct of McBride's trial counsel or whether Bonnett improperly appeared as trial co-counsel.

¶ 25 We defer to a trial court's findings of fact unless clearly erroneous, but we review conclusions of law de novo. *Flying Diamond Airpark, LLC v. Meienberg,* 215 Ariz. 44, 47, ¶ 9, 156 P.3d 1149, 1152 (App.2007); *City of Casa Grande v. Ariz. Water Co.,* 199 Ariz. 547, 555, ¶ 27, 20 P.3d 590, 598 (App.2001). We view the evidence and all reasonable inferences in the light most favorable to sustaining the trial court's ruling. *Inch v. McPherson,* 176 Ariz. 132, 136, 859 P.2d 755, 759 (App.1992).

¶ 26 The trial court found Walker's testimony regarding the parties' negotiations and the expiration of the statute of limitations "far more credible" than Bonnett's. During trial, Walker testified that the parties never discussed the statute of limitations and that he did not focus on the statute of limitations defense until after the lawsuit was filed. The court also considered it significant that Bonnett could not point to any documentation indicating that the parties had discussed the statute of limitations. Additionally, "[t]here is considerable authority for the proposition that mere conduct of settlement negotiations does not estop the defendant from pleading the statute of limitations." *Kelley v. Robison,* 121 Ariz. 229, 589 P.2d 472 (App.1979) (citing *Shea North, Inc. v. Ohio Cas. Ins. Co.,* 115 Ariz. 296, 564 P.2d 1263 (App.1977)).

¶ 27 Given Walker's testimony and the fact that the court found Walker to be more credible than Bonnett, we conclude that sufficient evidence supports the court's findings and no clear error is demonstrated.

¶ 28 We note that equitable estoppel is more likely to be found when the defendant has accepted liability or agreed to pay, but the parties have not yet negotiated the amount to be paid. *See Certainteed Corp. v. United Pacific Ins. Co.,* 158 Ariz. 273, 277–79, 762 P.2d 560, 564–66 (App.1988) (insurance company estopped from asserting a statute of limitations defense because the facts in the case showed that the insurance company "consistently took the position that it was undisputed that a debt was owed and that the only question remaining was the exact amount of the debt owed"); *Kelley,* 121 Ariz. at 230, 589 P.2d at 473 ("In order to establish a prima facie case of estoppel there

must be some conduct on the part of the "estopped" party which a person could reasonably interpret to mean that his claim is being accepted."). Such is not the case here. KAI consistently took the position that McBride's claims were without merit. Although KAI attempted to work out a settlement or severance package with McBride, it did not acknowledge that it owed McBride anything.

¶ 29 McBride further argues that the trial court erred in not following the law set forth in this court's 2002 memorandum decision. *See McBride v. Kieckheffer Assoc, Inc.,* 1 CA–CV 02–0020 (Ariz.App. Oct. 10, 2002). We conclude that no legal error occurred, however, because the court correctly applied equitable estoppel principles based on Arizona law. *See Nolde,* 192 Ariz. 276, 281, ¶ 20, 964 P.2d 477, 482; *Certainteed Corp.,* 158 Ariz. 273, 277, 762 P.2d 560, 564.

### Attorneys' Fees

¶ 30 Both parties request an award of attorneys' fees on appeal pursuant to A.R.S. § 12–341.01 (2003). It is premature in our view to award any fees until the trial court ultimately resolves the case and determines the prevailing parties. The trial court is authorized to then consider the fees and costs incurred on appeal in determining the amount to award as attorneys' fees.

¶ 31 We conclude that McBride is entitled to an award of taxable costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

¶ 32 We reverse the trial court's order granting the Renewed JMOL Motion. We affirm the court's order granting KAI a new trial on the existence of an oral tolling agreement. We also affirm the court's ruling rejecting McBride's claim that KAI should be equitably stopped from asserting the statute of limitations defense. We remand this matter for further proceedings consistent with this opinion.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge and PHILIP HALL, Judge.