NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

BURCH & CRACCHIOLO, P.A., an Arizona professional association,
*Plaintiff/Appellee,*

*v.*

JOYCE MOORE and SAMUEL MOORE, wife and husband,
*Defendants/Appellants.*

No. 1 CA-CV 13-0066
FILED 2-27-2014

---

Appeal from the Superior Court in Maricopa County
No. CV 2009-038630
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

---

COUNSEL

The Reiman Law Firm, Phoenix
By Clarissa B. Reiman

*Counsel for Plaintiff/Appellee*

Joyce Moore and Samuel Moore, Phoenix

*Defendants/Appellants In Propria Persona*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

---

**J O N E S,** Judge:

**¶1**        Joyce and Samuel Moore (Moore) appeal the trial court's denial of their motions for summary judgment, judgment as a matter of law (JMOL), and motion for new trial. The matter culminated in a jury verdict in favor of Burch & Cracchiolo, P.A. (Burch).  For the reasons discussed below, we affirm the trial court's rulings.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        On October 29, 2004, William (Billy) Everett Preston granted Joyce Moore medical power of attorney.  Billy Preston, a Grammy Award-winning soloist who performed with the Beatles and other musicians, was admitted to the hospital in 2005 and died in June of 2006. *Preston v. Kindred Hosps. W., L.L.C.*, 226 Ariz. 391, 392, ¶ 2, 249 P.3d 771, 772 (2011).

**¶3**        According to Moore, in March 2006, while Preston was in a comatose state, Preston's disinherited half-sister petitioned to be appointed conservator of Preston's estate in Maricopa superior court.[1]   In order to oppose the petition, Moore hired Burch to represent her.  The parties entered a fee agreement on March 30, 2006.  At the time of the agreement, Moore understood she hired Burch to represent her solely in her capacity as medical power of attorney for Billy Preston, and the Preston estate (estate) would be liable for the fees.   Burch, however, understood it was providing representation to Moore individually and on her own behalf as Moore had a personal and business relationship with Preston.   Consequently, Burch understood Moore was personally responsible for costs and fees associated with providing representation.

---

[1] This action was captioned "In re the Matter of Guardianship of: WILLIAM EVERETT PRESTON (a.k.a. BILLY PRESTON) Adult" and given the case number PB 2006-090202.

¶4 In December 2009, Burch filed a complaint against Moore alleging her personal liability for legal representation in the matter of the "Guardianship/Conservatorship of William Everett Preston." Citing costs and fees for services rendered pursuant to the fee agreement, Burch claimed it was owed $29,481.38. Moore defended the action on the basis that she had entered into the fee agreement with Burch only in her capacity as medical power of attorney for Billy Preston, and the bill for attorney fees belonged to the estate.[2]

¶5 Moore filed a motion for summary judgment asserting that a representative of the Preston Trust informed Burch the Preston Trust (trust) was "in all likelihood responsible" for attorney fees which would be paid when funds were unfrozen, and the Trust received documents requested from Burch. Burch filed a cross-motion for summary judgment, alleging Moore breached the fee agreement and owed, at that time, $36,648.04 in costs and fees. The trial court denied both motions on the ground that a genuine issue of material fact existed regarding who was liable for the legal services rendered by Burch; Moore personally or the trust. In deciding the motions, the trial court limited its findings of fact to the parties' knowledge that Moore needed legal representation in her capacity as medical power of attorney for Billy Preston.[3]

¶6 The parties subsequently submitted the fee dispute to arbitration. On May 16, 2012, the arbitrator found Burch the prevailing party, and awarded $13,550.86 for legal services plus fees and costs. In response, Moore filed a Rule 76 objection claiming, among other issues, the award of costs was excessive, and reasserting her contention that Burch represented her only in her capacity as medical power of attorney for Billy Preston rather than "individually" as claimed by Burch. Shortly

[2] As part of the agreement, Burch required a $10,000.00 retainer fee. Moore paid $9,000.00 of the retainer, drawing the payment from what Moore indicated were monies of Billy Preston. On October 21, 2005, the estate of Billy Preston filed for bankruptcy under Chapter 11. On October 19, 2007, the Trustee commenced a civil action against Burch to recover Moore's payment of $9,000.00 towards the retainer fee which the Trustee stated was "neither authorized under the Bankruptcy Code nor by the Bankruptcy Court." On January 18, 2011, the bankruptcy estate of Billy Preston and Burch entered a settlement agreement for the partial return of funds Moore paid to retain Burch.

[3] As summarized by the trial court, "Her role was clear; who would pay the legal fees unfortunately was not."

thereafter, Moore appealed the arbitration award and moved to set the matter for trial.

¶7            A three day trial commenced on September 17, 2012.  On the first day of trial, and prior to the commencement of proceedings before the jury, Moore orally moved to dismiss the case which the trial court denied.   During the second day of trial, Moore orally moved the court for judgment as a matter of law on two occasions: first, at the close of the Burch's case, and second, following the discussion of final jury instructions.  The minute entry for the second day of trial notes that the trial court denied Moore's second JMOL on the grounds that a reasonable juror could find for Burch, and the triers of fact were to decide the issues in the case.[4]  Following trial, the jury found in favor of Burch and awarded $20,000 of the $30,909.26 in costs and fees Burch asserted to be owed at the time of trial.

¶8            Moore subsequently filed a motion for a new trial under Arizona Rule of Civil Procedure 59(A)(8), asserting the jury verdict was "contrary to law," and arguing for the first time that the terms of the fee agreement specified "two independent thresholds" requiring preparation of a new fee agreement. The first threshold was if "litigation becomes necessary," and the second threshold was if "significant legal work needs to be undertaken."  In its response to Moore's motion for new trial, Burch countered that, assuming for the sake of argument, the fee arrangement did provide thresholds for new arrangements for attorney costs, Moore was still obligated to pay for those fees incurred, which a trier of fact had already determined to be $20,000.00.   The trial court denied Moore's motion for new trial. This appeal followed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1), (5)(a) (2014).[5]

## ISSUES ON APPEAL

¶9            As an initial matter, we note Moore's opening brief, filed by Moore as a self-represented litigant, fails to meet the requirements of Arizona Rule of Civil Procedure 13(a)(1)-(6) and is thus procedurally

---

[4] Because the record on appeal does not contain the trial transcript, and the minute entry notes only that Moore moved for a JMOL after the close of the Burch's case, the trial court's rationale for denying Moore's first motion for JMOL made on the second day of trial is unknown.

[5] Absent material revisions after the relevant date, we cite to the current version of the statute.

deficient as it lacks a jurisdictional statement, citations to the record, or citations to relevant authorities. In addition, Moore failed to clearly articulate the issues on appeal. The failure to comply with the briefing requirements may be sufficient cause for dismissal. *Clemens v. Clark*, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966). In this instance, we exercise our discretion to reach the merits of the issues raised on appeal. *Drees v. Drees*, 16 Ariz.App. 22, 23, 490 P.2d 851, 852 (1971).

¶10 For the first time on appeal, Moore contends the fee agreement she entered into with Burch limited the cost of legal services to the amount of the retainer provision ($10,000.00) unless the parties entered into a new fee arrangement when litigation or advanced legal work became necessary.[6] After a careful review of the opening brief, we conclude the existence of three issues on appeal. Moore asserts the trial court erred by denying her 1) motion for summary judgment; 2) oral motions for JMOL; and 3) motion for new trial under Arizona Rule of Civil Procedure 59(a)(8).

## DISCUSSION

I.      Legal Fees "Capped" at the Amount of the Retainer Agreement

¶11 Moore initially asserts the fee agreement limited or "capped" the cost of legal services at ($10,000.00) absent a new agreement. An issue is proper on appeal if it has been raised first at the trial court level. *Dillon-Malik, Inc. v. Wactor*, 151 Ariz. 452, 454, 728 P.2d 671, 673 (App. 1986). Burch claims the issue was never raised before the trial court and should not be considered on appeal.

¶12 Neither Moore's motion for summary judgment, nor motions in opposition to Burch's motion for summary judgment, presented the issue of capped fees to the trial court. Furthermore, the record on appeal does not contain trial transcripts of the summary judgment hearing or the three-day trial. Consequently, we are unable to determine if Moore argued the issue of capped fees below. Under Arizona Rule of Civil Appellate Procedure 11(b), the appellant is

---

[6] In the motion for new trial, Moore raised the issue of Burch's alleged failure to prepare a new fee arrangement when representation in court or "significant legal work" became necessary. We are unable to determine whether this issue was litigated during trial because the trial transcript was not submitted in the record on appeal.

responsible for providing all relevant transcripts necessary for this Court to consider the issues on appeal. Because Moore failed to do so, we presume the evidence and arguments support the trial court's rulings, and do not consider the issue of capped fees on appeal. *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9, 245 P.3d 898, 902 (App. 2010).

II.     Denial of Motions for Summary Judgment and JMOL

     A.     Moore's Motion for Summary Judgment

**¶13**     Next, Moore contends the trial court erred as a matter of law by denying her motion for summary judgment and "permitting the case to be submitted to the jury." Ordinarily, the denial of a motion for summary judgment is not appealable because it is not a final order. *Sorenson v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465-66, 957 P.2d 1007, 1008-09 (App. 1997) ("A denial of a motion for summary judgment is an intermediate order deciding simply that the case should go to trial."); *Hauskins v. McGillicuddy*, 175 Ariz. 42, 49, 852 P.2d 1226, 1233 (App. 1992). An appellate court may, however, review a trial court's denial of summary judgment when the denial is based solely on a matter of law or, as in this case, the appellant preserved the appeal by filing a motion for judgment as a matter of law during trial. *Hauskins*, 175 Ariz. at 49, 852 P.2d at 1233; *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 539, ¶ 19, 96 P.3d 530, 537 (App. 2004). We review de novo whether a pure question of law precluded the denial of summary judgment. *Stallings v. Spring Meadows Apartment Complex Ltd. P'ship*, 185 Ariz. 156, 158, 913 P.2d 496, 498 (1996); *Chi. Ins. Co. v. Manterola*, 191 Ariz. 344, 346, ¶ 7, 955 P.2d 982, 984 (App. 1998).

**¶14**     Although the record on appeal does not contain trial transcripts, the minute entries indicate Moore made two oral motions for JMOL on the second day of trial, and by so doing, preserved the issue of whether the trial court erred by denying Moore's motion for summary judgment and submitting the case to the jury. In its denial of summary judgment, the trial court concluded genuine issues of material fact existed as to who would pay for the legal services, Moore or the Preston Trust. We find no error in the trial court's denial of Moore's motion for summary judgment.

     B.     Moore's Motions for Judgment as a Matter of Law

**¶15**     We also review de novo whether the trial court erred when it denied Moore's motions for JMOL, determining as a part of the analysis whether a genuine dispute existed in regard to material facts, and viewing

the evidence in light most favorable to upholding the jury verdict. *McBride v. Kieckhefer Assocs., Inc.*, 228 Ariz. 262, 265, ¶ 10, 265 P.3d 1061, 1064 (App. 2011).

**¶16** The record indicates the trial court denied Moore's second motion for JMOL on the grounds that genuine issues of material fact existed during trial, and a reasonable juror could find for Burch. We find no error in the trial court's denial of Moore's JMOLs, and therefore affirm the trial court's rulings on Moore's motions for summary judgment and JMOLs, concluding a motion for summary judgment and JMOL are properly denied when there are genuine facts in dispute. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

III.    Denial of Motion for New Trial

**¶17** Lastly, Moore appeals the denial of her motion for new trial. In her motion, Moore asserted the jury verdict was contrary to law, and based her contention on the terms of the engagement letter. The trial court denied Moore's motion for new trial, noting the evidence presented at trial was sufficient to support the verdict and was not so deficient as to constitute a decision contrary to law. We review the trial court's denial of Moore's motion for an abuse of discretion. *McBride*, 228 Ariz. at 266, ¶ 16, 265 P.3d at 1065.

**¶18** However, the record on appeal does not include the trial transcripts by which we might review the evidence presented. Consequently, we are unable to review the sufficiency of that evidence in support of the jury's verdict. As a result, we assume the transcript would support the jury's verdict. *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995) ("When a party fails to include necessary items, we assume they would support the court's findings and conclusions."). Accordingly, we affirm the trial court's denial of the motion for new trial.

**CONCLUSION**

**¶19** For the foregoing reasons, we find the issue of "capped fees" was not preserved for appeal, and affirm the trial court's denial of Moore's motions for summary judgment, JMOL, and new trial. The trial court correctly determined genuine issues of material fact precluded summary judgment and the granting of Moore's Motions for Judgment as a Matter of Law. Furthermore, in the absence of trial transcripts, we assume the evidence on appeal is determined sufficient to support the verdict in favor of Burch.

¶20 Burch requests its attorney fees on appeal pursuant to A.R.S. § 12-341, -341.01 (2013). In our discretion, we award Burch reasonably incurred attorney fees and costs on appeal, subject to its compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: mjt