952 P.2d 302

Samuel W. SHOEN, M.D.; Mary Anna Shoen-Eaton; Cecilia M. Shoen–Hanlon; Katrina M. Shoen–Carlson; Theresa Shoen–Romero; Michael L. Shoen; Leonard S. Shoen; and the following Arizona corporations: Samwill, Inc.; Cermar, Inc.; Kattydid, Inc.; Thermar, Inc.; Mickl, Inc.; Marin, Inc.; and L.S.S., Inc., Plaintiffs–Appellees, Cross Appellants,

v.

Edward J. SHOEN, Defendant–Appellant, Cross Appellee.

No. 1 CA–CV 95–0199.

Court of Appeals of Arizona, Division 1, Department A.

July 24, 1997.

Review Denied March 17, 1998.*

* Zlaket, C.J., and Martone, J., of the Supreme Court, recused themselves and did not participate in the determination of this matter.

Snell & Wilmer, L.L.P. by Daniel J. McAuliffe, Richard W. Shapiro, Martha E. Gibbs, Phoenix, for Defendant/Appellant, Cross-Appellee.

Walter Gilmore Shaw, Angelo J. Patane, Phoenix, Kathleen C. DeLaRosa Law Office by Kathleen C. DeLaRosa, Phoenix, for Plaintiffs/Appellees, Cross-Appellants.

## OPINION

WEISBERG, Judge.

This appeal is the latest chapter in the long-standing litigation among members of the Shoen family over control of AMERCO, the parent company of U–Haul. Plaintiffs were shareholders who sued Edward "Joe" Shoen ("Joe") and other members of AMERCO's board of directors (collectively, "defendants") regarding conduct in 1988 that deprived plaintiffs of majority ownership. After a seven-week trial, a jury awarded plaintiffs $1.47 billion in compensatory damages against all defendants and $70 million in punitive damages against only Joe. The trial court, however, granted defendants' and Joe's motions for remittitur, reducing compensatory damages to $461 million, upon tender of plaintiffs' stock, and punitive damages to $7 million.

This appeal concerns only the award of punitive damages. Joe appeals the trial court's denial of his motion for judgment notwithstanding the verdict ("JNOV") or new trial, and plaintiffs cross-appeal the trial court's grant of remittitur.

In a separate memorandum decision, we affirmed the trial court's denial of Joe's motion for JNOV and grant of remittitur. *Shoen v. Shoen*, 1 CA–CV 95–0199, (filed concurrently with this opinion). We have decided, however, to separately address the issue of the appropriate standard of review for the denial of a motion for JNOV.

The parties dispute the standard of review for the denial of a motion for JNOV. Citing *Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 191, 888 P.2d 1375, 1378 (App.1994), plaintiffs argue that we review such a ruling for an abuse of discretion. *Nelson* does, in fact, support this argument: "We review denials of motions for [JNOV] and for new trial on an abuse of discretion standard." *Id.* Joe contends, however, that the court in *Nelson* was incorrect, and points out that the case upon which *Nelson* relies, to support an abuse-of-discretion standard, *Mammo v. State*, 138 Ariz. 528, 533–34, 675 P.2d 1347, 1352–53 (App.1983), deals only with the denial of a motion for new trial, not JNOV.

When reviewing denials of both a motion for directed verdict and a motion for JNOV, we view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Piper v. Bear Med. Sys., Inc.*, 180 Ariz. 170, 173, 883 P.2d 407, 410 (App.1993). In addition, the test for granting JNOV is the same as that for granting a directed verdict: Both should be granted only if the facts presented in support of a claim have so little probative value that reasonable people could not find for the claimant. *Id.*

Because the test for granting or denying a motion for JNOV and a directed verdict is the same, the standard of review ought also to be the same; and a ruling on a motion for directed verdict is reviewed *de novo*. *Gemstar, Ltd. v. Ernst & Young*, 185 Ariz. 493, 505, 917 P.2d 222, 234 (1996); *see also Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1430 (9th Cir.1996) (denial of motion for JNOV reviewed *de novo* ). Accordingly, we conclude that the standard of review for the denial of

JNOV is *de novo*. We disagree with *Nelson* to the extent that it holds otherwise.

EHRLICH, P.J., and GRANT, J., concur.