OPINION AND ORDER

This opinion and order addresses the questions 1) whether the presenting officer must introduce evidence that marijuana is a controlled substance as an essential element of the prosecution’s case in chief, and 2) whether the trial court’s denial of Appellant’s motion for a directed verdict is an abuse of discretion.

SYNOPSIS

Appellant, a minor child, appeals from the trial court’s denial of his motion for directed verdict. Appellant was charged with violation of Ordinance 21, Section 3.3.90, Possession or Distribution of Alcohol or Controlled Substance In, On or Near Schools, Playgrounds or Youth Centers. On March 12, 2002, the trial court held an adjudicatory hearing, pursuant to the Hopi Tribe’s Children Code. At the close of the Hopi Tribe’s case-in-chief, Appellant moved for a directed verdict asserting that the tribe failed to introduce sufficient evidence to support the charge. But, the trial court denied Appellant’s motion for directed verdict. Appellant was sentenced on March 27, 2002, and timely filed his notice of appeal on April 15, 2002.

FACTUAL AND PROCEDURAL BACKGROUND

On November 15, 2001, Appellant was arrested at. or near the Hopi Jr./Sr. High School. He had in his possession three bags each allegedly containing 4-5 grams of marijuana. Juvenile Offender Petition (JOP) at 1-2.
*446 At the close of the Presenting Officer’s case-in-chief, Appellant made a motion for directed verdict, arguing that the prosecution failed to introduce any evidence that marijuana is a controlled substance as defined in 21 U.S.C. Sec 812. The court denied the motion. BA at 3.
At the bench trial, police officer Loren Lomayaktewa testified that testing of the green leafy substance was conducted the morning of Ms testimony four months after the actual arrest. Officer Lomayakte-wa further testified that the substance tested positive as marijuana using a field test. (03-12-02 Adjudicatory Hearing Transcript, p. 106). The alleged marijuana was never formally entered into evidence.
Appellant was convicted of Possession or Distribution of Alcohol or Controlled Substance In, On or Neai* Schools, Playgrounds or Youth Centers in Case No. 01JC000233. Brief of Appellant (BA) at 2. Appellant was sentenced to One Hundred Eighty (180) days in the Hopi Detention Facility with One Hundred Twenty (120) days suspended in lieu of Eighteen (18) months of supervised probation. He is to serve sixty (60) days in detention. He was also sentenced to pay a sum of Five Hundred (500) dollars with Two Hundred Fifty (250) dollars to be paid within six (6) months from the date of his release from the detention. The remaining Two Hundred Fifty (250) dollars was suspended in lieu of eighty (80) hours of community service work. BA at 2.
Appellant alleges that the court erred when it denied his motion for directed verdict. Appellant argues that in order to survive the motion for a directed verdict, the prosecution had to introduce evidence that marijuana is a controlled substance as defined in 21 U.S.C. Sec 812, or request that the judge take judicial notice of section 812. Here, Appellant argued that the Presenting Officer failed to do either of these things. BA.at 6. However, Appellant at oral argument on November 20, 2002, conceded that sufficient evidence was introduced to indicate that the seized substance is marijuana. Appellant argues that because the Tribe failed to establish a prima facie case, the court erred when it denied Appellant’s motion for a directed verdict.

ISSUES

The primary issues in this appeal are 1) whether the presenting officer must introduce evidence that marijuana is a controlled substance as an essential element of her case in chief, and 2) whether the failure to do so should result in a directed verdict,

DISCUSSION

I. Introduction of evidence that marijuana is a controlled substance is not an essential element.
 The trial judge did not take judicial notice of the fact that marijuana is a controlled substance as prescribed by 21 USC § 812 during adjudicatory hearing, but rather at the later disposition hearing. Despite this delay, the judge did not grant the motion for a directed verdict after the presenting officer’s case in chief because there were evidence indicating the substance in Appellant’s possession on the day of arrest was indeed marijuana. Further, Ordinance 21, Section 3.3.90 does not require a separate showing that marijuana is a controlled substance. The judge denied Appellant’s motion for a directed verdict after assessing the police officer’s testimony and the physical evidence presented but not admitted.
II. The trial court’s denial of Appellant’s motion for a directed verdict ivas a proper riding.
A ruling on a motion for a .directed verdict is reviewed de novo. “Because the *447 test for granting or denying a motion for JNOV and a directed verdict- is the same, the standard of review ought also to be the same; and a ruling on a motion for directed verdict is reviewed de novo.” Shoen v. Shoen, 191 Ariz. 64, 962 P.2d 302, 303 (1997) (citing Gemstar. Ltd. v. Ernst & Young, 917 P.2d 222, 234 (1996) and Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 95 F.8d 1422, 1430 (9th Cir.1996)). Therefore, we review the case in its entirety without deference to the trial court. There were some prosecutorial shortcomings involved with this case.[1] However, these shortcomings did not prejudice the outcome of the case and the trial court’s denial of the motion for a directed verdict was correct. The consequence of the court’s refusal to grant the motion for a directed verdict is not inconsistent with substantial justice because evidence was introduced that the substance is marijuana.

ORDER OF THE COURT

For the foregoing reasons, Appellant’s motion to vacate the sentence and dismiss the case is hereby DENIED. The judgment of the tribal court is upheld.
IT IS SO ORDERED.

. The police officer’s failure to field-test the green leafy substance on the day of arrest and the lack of laboratory test of the substance substantially weakened the Presenting Officer's case. These may be time-consuming and costly procedures, but necessary steps to ensure protection of criminal defendants’ Indian Civil Rights Act rights. Moreover, the trial judge's taking of judicial notice several days after denying the motion for a verdict gives the appearance that the trial judge had not noticed the applicable legal standards pri- or to determining whether the presenting officer had established her case-in-chief.