NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GILLESPIE & ASSOCIATES P.A. dba GILLESPIE SHIELDS & DURRANT,
*Plaintiff/Appellant*,

*v.*

AMY WALLACE and JOHN DOE WALLACE, wife and husband;
EDGARDO GARCIA and JANE DOE GARCIA, husband and wife; and
WALLACE & GARCIA, L.L.P., *Defendants/Appellees*.

No. 1 CA-CV 15-0566
FILED 3-28-2017

Appeal from the Superior Court in Maricopa County
No. CV2012-057087
The Honorable Thomas L. LeClaire, Judge

**AFFIRMED**

COUNSEL

Gillespie Shields Durrant & Goldfarb, Phoenix
By DeeAn Gillespie Strub, Mark A. Shields, Geoff Morris
*Co-Counsel for Plaintiff/Appellant*

Knapp & Roberts, P.C., Scottsdale
By David L. Abney (argued)
*Co-Counsel for Plaintiff/Appellant*

Gordon & Rees LLP, Phoenix
By John L. Condrey (argued), Jamie L. Mayrose
*Counsel for Defendant/Appellee Amy Wallace*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

¶1        Gillespie & Associates P.A. dba Gillespie Shields & Durrant ("GSD"), a law firm, appeals the superior court's entry of judgment in favor of its former employee attorney Amy Wallace ("Wallace") pursuant to a unanimous jury verdict.[1] For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Wallace is an experienced attorney licensed to practice law in California and Arizona. In 2010, Wallace relocated from California to Arizona, but continued practicing law in California with a partner at Wallace & Garcia, LLP, her own law firm. In the middle of March 2011, Wallace's partner Edgardo Garcia interviewed a prospective client, provided legal advice to her, and accepted legal representation in a complicated wrongful death case on a contingent fee basis ("the Burke case"). Garcia contacted Wallace within a couple of days to obtain her immediate assistance on the Burke case.

¶3        In April 2011, GSD interviewed Wallace and hired her to begin working as a full-time associate attorney on April 26, 2011. Wallace was interviewed twice for the position. The first interview was conducted by two partners at GSD, DeeAn Gillespie and Dan Durrant, along with Chris Phillips, GSD's office manager. Mark Shields substituted for Dan Durrant during the second interview. During the interviews, both parties agreed Wallace could continue working on several of her California cases, but that she would not open any new cases, other than through GSD. Wallace did not discuss any specific California cases during the interview process, nor was she asked to provide GSD the names of her clients in the Wallace and Garcia cases she continued to work on. Wallace later testified at trial that the Burke case was one of the California cases she received consent to work on outside of GSD, and that she had open conversations

---

[1]        Originally, GSD also sued Edgardo Garcia, Wallace's former California legal partner, but Garcia was dismissed from the case and is not a party to this appeal.

with GSD's employees about her California cases. The Burke matter settled in October 2012, and Wallace received $375,000.00 as her share of the contingency fee paid to Wallace & Garcia.

**¶4** In its complaint, GSD raised several causes of action, three of which were ultimately presented to and decided by the jury: breach of contract, breach of the covenant of good faith and fair dealing, and breach of a fiduciary duty.[2] At the end of the trial, GSD moved for judgment as a matter of law ("JMOL") on its fiduciary duty claim. The superior court denied the motion stating: "[T]he court cannot find that it would be unreasonable for jurors to determine that they believe Ms. Wallace over the firm . . . How the jury weighs that, I cannot say." The jury unanimously found in favor of Wallace on all counts. In April 2016, GSD renewed its JMOL, and requested the motion be treated as a motion for new trial in the alternative. The superior court denied the post–trial motion.

**¶5** The superior court awarded Wallace $285,219.54 as a "reasonable amount for attorney's fees in light of all of the issues that the parties needed to prepare to litigate," applying the factors enunciated in *Ass'ed Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985). GSD timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1) (2016).[3]

## DISCUSSION

**¶6** We review the evidence "in a light most favorable to upholding the jury verdict" and will affirm the judgment, "if any substantial evidence exists permitting reasonable persons to reach [the] result." *Hutcherson v. City of Phoenix*, 192 Ariz. 51, 53, ¶ 13 (1998). We do not reweigh the evidence. *Asphalt Eng'rs, Inc. v. Galusha*, 160 Ariz. 134, 137 (App. 1989). "We review issues of statutory interpretation and application *de novo*,

---

[2] In April, 2014, GSD filed a Motion for Partial Summary Judgment on its breach of contract and breach of fiduciary duty claims, arguing no genuine issue of material fact existed because (1) a contract between GSD and Wallace existed; (2) the Burke client was retained as Wallace's new client on January 24, 2012; and thus, (3) Wallace breached her fiduciary duty. The superior court denied the request for summary judgment and ordered a jury trial.

[3] We cite to the current version of applicable statutes or rules when no revision material to this case has occurred.

and we will uphold the trial court's decision if it is correct for any reason." *Citibank (Ariz.) v. Van Velzer*, 194 Ariz. 358, 359, ¶ 5 (App. 1998) (citation omitted).

**¶7** It is undisputed that GSD hired Wallace as its associate, and that during the hiring interviews, the parties discussed, to some extent, Wallace's continued work for Wallace & Garcia. A contract was formed, whether its terms were express or implied, because "an at-will employment relationship is contractual." *Roberson v. Wal-Mart Stores, Inc.*, 202 Ariz. 286, 291, ¶ 16 (App. 2002). Terms of an employment contract, if not specified or conceded, are to be determined by a trier-of-fact, because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge . . . ." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

**¶8** It is further undisputed, GSD permitted Wallace to work on certain California cases outside of her employment with GSD. This agreement became a component of the scope of the fiduciary duty owed by Wallace to GSD. *See Sec. Title Agency, Inc. v. Pope*, 219 Ariz. 480, 492, ¶ 53 (App. 2008) ("Consistent with the fiduciary duty of loyalty, an employee may not, *absent agreement to the contrary*, statute or other authority, compete with his or her employer concerning the subject matter of the employment.") (emphasis added). "An employee may make arrangements to compete." *Id.* (quotation omitted).

### A. GSD's Motion for Judgment as a Matter of Law on its Breach of Fiduciary Duty Claim.

**¶9** On appeal, GSD argues the superior court should not have denied its motion for JMOL on the breach of fiduciary duty claim because when Wallace was hired by GSD an attorney-client relationship did not exist between Wallace and the initial Burke client or the other Burke family members. Furthermore, GSD did not consent to Wallace working on the Burke case.

**¶10** "The test for granting a motion for JMOL is the same as that for granting a motion for summary judgment." *Roberson*, 202 Ariz. at 290, ¶ 14 (citing *Orme Sch.*, 166 Ariz. at 309); *see* Ariz. R. Civ. P. 50(a)(1) (providing for judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and . . . a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue"). We review a superior court's grant or denial of a JMOL motion *de*

*novo. Robertson*, 202 Ariz. at 290–91, ¶ 14 (citing *Shoen v. Shoen,* 191 Ariz. 64, 65–66 (1997)).

¶11 Here, we cannot say the facts produced by Wallace had so little probative value that reasonable jurors could not agree with her. Both Wallace and her partner Garcia testified at trial. GSD's DeeAn Gillespie Strub, Mark Shields, and Chris Phillips, all of whom interviewed and/or hired Wallace, also testified, among other witnesses. We find no undisputed evidence excluding the Burke case from the California cases Wallace referred to during the hiring process. Although Wallace failed to produce the fee agreement signed in December 2011 and entered into between the initial Burke client and Wallace & Garcia, LLP, the jury was properly instructed it could infer from the lack of disclosure of the December 2011 fee agreement, or any other documents, that such unproduced documents would have supported the claims asserted by GSD. The case was then properly submitted to the jury for determination of whether the parties' agreement modified Wallace's duty of loyalty and to what extent. *See Orme Sch.,* 166 Ariz. at 309.

¶12 By their verdict, the jury determined a contract existed between Wallace and GSD, and the terms of the contract, including the scope of Wallace's fiduciary duty. We uphold the jury verdict because substantial evidence exists in the record to permit a reasonable jury to agree with Wallace. *See Hutcherson*, 192 Ariz. at 53, ¶ 13.

¶13 In April 2016, GSD renewed its JMOL motion, arguing an equitable claim can be decided by the jury only if parties to the litigation so stipulate. GSD further claimed three other distinct Burke clients were engaged by Wallace after she started her employment with GSD and should, thus, have been GSD's clients, because no evidence was produced at trial that the other three memebers of the Burke family were included among the California clients referenced by Wallace during her interviews with GSD. However, Garcia testified the first member of the Burke family represented the other, still grieving family members during the first consultation with Wallace & Garcia, LLP, in March 2011, and that Garcia advised the first member of the Burke family of legal issues applicable to the whole family. Additionally, GSD agreed to submit its fiduciary duty claim to the jury, and evidence regarding all Burke clients was presented at trial. We find no merit in GSD's renewed JMOL and affirm the denial.

**B.      Attorney's Fees.**

**¶14**         GSD argues the superior court erred in awarding Wallace attorney's fees under A.R.S. § 12-341.01 because (1) "the fundamental nature of the action is based on the employer/employee relationship . . . not in contract;" (2) "[t]here is no employment contract," but mere consent; and (3) Wallace's defense "does not convert this action into one arising out of contract."[4] We reject GSD's arguments.

**¶15**         "We review the grant or denial of attorney fees for an abuse of discretion." *Motzer v. Escalante*, 228 Ariz. 295, 296, ¶ 4 (App. 2011); *see* A.R.S. § 12-341.01 (the superior court has broad discretion in determining the amount of the fee, but it "may not exceed the amount paid or agreed to be paid.").[5] We "will uphold the court's ruling if it has any reasonable basis." *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 369, ¶ 50 (App. 2015) (quotation omitted).

**¶16**         In *Barmat*, our supreme court held "attorney's fees may be recovered in tort actions in which the victim and the tortfeasor have some type of contractual relationship." *Barmat v. John & Jane Doe Partners A-D*, 155 Ariz. 519, 520–22 (1987) (the court explained the distinction between express contract, contract implied-in-fact, both of which are true contracts, and a contract implied-in-law, which is not a contract at all, but an

---

[4]      At oral argument, counsel representing GSD specifically conceded the existence of implied contract between GSD and Wallace.

[5]      Section 12-341.01 states:

In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees. This section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees.

A.R.S. § 12-341.01(A).

obligation "created by the law without regard to expressions of assent by either words or acts," and imposed on "all within the foreseeable range of harm as a matter of public policy").

**¶17**        Here, GSD's breach of fiduciary duty claim could not exist absent the breach of a contractually agreed upon employment relationship, because the terms of the employment contract are presumed to have defined the scope of Wallace's fiduciary duty of loyalty to GSD. *See Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 543 (1982) ("The fact that the two legal theories are intertwined does not preclude recovery of attorney's fees under § 12-341.01(A) as long as the cause of action in tort could not exist *but for* the breach of the contract.") (emphasis added). GSD also sued for breach of contract, and a determination of the validity and terms of the contract was necessary to the disposition of the breach of fiduciary duty claim. *See Dooley v. O'Brien*, 226 Ariz. 149, 153, ¶ 16 (App. 2010).

**¶18**        Moreover, Wallace defended the breach of fiduciary duty claim by the existence and terms of a contractual relationship between herself and GSD. The contractual and tort claims were "inextricably interwoven," as the claims and defenses were based on the same set of facts, requiring the same or closely related factual development in discovery, and the legal theories were overlapping. *See Modular Mining Sys., Inc. v. Jigsaw Techs., Inc.*, 221 Ariz. 515, 522–23, ¶¶ 23–25 (App. 2009); *Hogue*, 238 Ariz. at 370, ¶ 53 (superior court did not abuse its discretion in awarding all attorney's fees, costs, and expenses when the resolution of tort claims was "substantially dependent upon provisions of the agreement and the ability to prevail on the contract claims.") (quotations omitted).

**¶19**        GSD brought legal action on inextricably interwoven contract and tort claims and lost. "It is well-established that a successful party on a contract claim may recover not only attorneys' fees expended on the contract claim, but also fees expended in litigating an 'interwoven' tort claim." *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13, ¶ 17 (App. 2000). Therefore, the superior court had a "reasonable basis" in awarding Wallace the full extent of her attorney's fees, costs, and post-judgment interest, remaining fully within its discretion. *See Hogue*, 238 Ariz. at 369, ¶ 50.

## C.        **Attorney's Fees on Appeal.**

**¶20**        Wallace requested we award her attorney's fees and costs on appeal pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 21 and A.R.S. §§ 12-341.01, -342, and -349. Section 12-341.01(A) provides a

court with discretion to award reasonable attorney's fees to a prevailing party "[i]n any contested action arising out of a contract." As Wallace is the prevailing party on appeal, we award her a reasonable amount of attorney's fees and costs incurred on appeal upon compliance with ARCAP 21. *See Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 423–24, ¶ 40 (App. 2010).

## CONCLUSION

**¶21**        For the reasons stated above, we affirm the superior court's judgment, and award attorney's fees and costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

8