NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO C.M.

No. 1 CA-JV 25-0176

FILED 04-17-2026

Appeal from the Superior Court in Yuma County
No.  S1400SV202500003
The Honorable Levi Gunderson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Elizabeth M. Brown, Phoenix
*Counsel for Appellant Mother*

Zachary Law Group, PLC, Mesa
By Jessica Zachary
*Counsel for Appellee Father*

---

## MEMORANDUM DECISION

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**B E C K E**, Judge:

**¶1**        Mother appeals the superior court's denial of her petition to terminate Father's parental rights to their minor child ("C.M."). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Mother and Father were never married but lived together from the time C.M. was born in October 2018 until Mother and C.M. moved out in July 2023. C.M. has lived with Mother ever since.

**¶3**        In October 2023, Mother obtained an order of protection against Father that listed C.M.'s name but did not include any restrictions on Father having contact with C.M. Around the same time, Mother filed a petition to terminate Father's parental rights. In May 2024, the petition and order of protection were dismissed when the parties participated in mediation conducted through the Dependency Alternative Program and agreed to establish legal decision-making and a parenting plan.[1] As part of that mediation, a social study was conducted.

**¶4**        At mediation, the parties agreed to designate Mother the primary residential parent and award her sole legal decision-making authority. Father was awarded supervised parenting time along with telephone and videoconference contact with C.M. in the afternoons.

---

[1] The superior court took judicial notice of the case establishing legal decision-making and parenting time, S1400DO2024-00422. The superior court was permitted to do so, and we similarly take judicial notice of the -00422 case. *See* Ariz. R. Evid. 201; *In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000).

**¶5**        In January 2025, Mother again petitioned to terminate Father's parental rights as to C.M., alleging abandonment and substance abuse. Mother alleged Father had made no attempts to contact or see C.M. in almost a year. She also alleged Father had an extensive history of abusing alcohol and had "since run into legal trouble" concerning this abuse.

**¶6**        At a two-day trial held in August and September 2025, the superior court heard testimony from Mother, Father, the mother of one of Father's other children, Mother's mother and step-father, Father's probation officer, and the court-appointed investigator who conducted the social study in the 2024 case.

**¶7**        Although the superior court found Mother had proven by clear and convincing evidence both that Father had abandoned the child and that Father had a history of chronic alcohol abuse under A.R.S. § 8-533(B)(1) and (3), it denied Mother's petition to terminate Father's parental rights because it did not find termination to be in C.M.'s best interests. The court found Mother's concern that C.M. would be returned to Father's care if she were to die too speculative. Furthermore, the court found that Mother did not have immediate plans to have C.M. adopted by someone else if Father's rights were terminated. Finally, the court found Father's limited parenting time negated Mother's concerns that C.M. was being harmed by Father's inconsistent parenting efforts. Thus, the court denied Mother's petition to terminate Father's parental rights.

**¶8**        Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶9**        When terminating parental rights, the superior court must find by clear and convincing evidence that a ground for termination under A.R.S. § 8-533(B) exists and by a preponderance of the evidence that termination is in the child's best interests. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018). We accept the court's factual findings if reasonable evidence and inferences support them and affirm the court's legal conclusions unless clearly erroneous. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478–79, ¶¶ 30–31 (2023).

**¶10** Father does not contest the superior court's findings that grounds existed for termination under A.R.S. § 8-533(B)(1) and (3). We therefore address only Mother's arguments regarding C.M.'s best interests.

## I. The Superior Court Did Not Abuse Its Discretion in Assessing the Best Interests of the Child.

**¶11** Mother argues that the superior court abused its discretion by finding that termination was not in the child's best interests. She contends that the court should have focused on the child's present need for stability, permanency, and emotional security, but instead it focused on the lack of an adoption plan.

**¶12** Once the superior court finds a statutory ground for termination exists by clear and convincing evidence, "the focus shifts to the interests of the child as distinct from those of the parent." *Alma S.*, 245 Ariz at 150, ¶ 12. Termination is in the child's best interests if the child will benefit from severance or if the child will be harmed if severance is denied. *Id.* at ¶ 13. The court may consider an adoption plan in making its best interests finding. *See Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 5, ¶ 17 (2016) ("[A]doption can provide sufficient benefits to support a best-interests finding in private and state severance actions alike.").

**¶13** Here, the superior court found that while Mother was the only parent providing for C.M.'s needs, this fact alone did not mean Father's rights should be terminated. The court found that Mother failed to present "a more concrete plan for [the child] in connection with an anticipated adoption by a stepparent." Additionally, contrary to Mother's assertion that the court *only* relied on the lack of an adoption plan to deny her petition, the court also found Mother's two arguments regarding C.M.'s best interests unpersuasive.

**¶14** First, the superior court found Mother's concern that C.M. would be placed in Father's care if she were to die too "remote and speculative" absent evidence of Mother's poor health. Second, the court understood Mother's concern that Father's efforts to contact C.M. were inconsistent, but it found the parenting plan in place remedied this concern given Father's limited parenting time and Mother being the primary residential parent.

**¶15** The record supports the superior court's findings. No evidence was presented on an adoption plan or Mother's health. And although Mother testified that Father's attempts at contacting the child were inconsistent, the court weighed that evidence against the parenting plan's limitation on Father's parenting time and found that this concern did not support termination. Mother testified that she would allow Father to see the child even if his rights were terminated. Mother fails to show the court abused its discretion in determining that termination of Father's rights was not in the child's best interests.

**¶16** Mother also argues the superior court failed to properly weigh her testimony. However, this court does not reweigh evidence. *Alma S.*, 245 Ariz. at 151, ¶ 18.

**¶17** Mother finally argues that the superior court erred by relying on a prior parenting plan instead of conducting a new best-interests analysis. However, the court did conduct a best-interests analysis. The court merely used the parenting plan as a factor in deciding whether termination was appropriate. Mother fails to show error.

## II. The Superior Court's Denial of a Motion for Judgment as a Matter of Law is Not Inconsistent With Its Final Ruling on Termination.

**¶18** The superior court denied Father's motion for judgment as a matter of law ("JMOL") after Mother presented her case. Mother argues this denial means the court must also have determined Mother had established termination was in the child's best interests by a preponderance of the evidence.

**¶19** The denial of that motion, however, simply allowed the case to go to the finder of fact (the court); it did not establish that Mother was entitled to prevail on her petition. "Judgment as a matter of law is appropriate 'only if the facts presented in support of a claim have so little probative value that reasonable people could not find for the claimant.'" *Flanders v. Maricopa County*, 203 Ariz. 368, 376, ¶ 49 n.6 (App. 2002) (citing *Shoen v. Shoen*, 191 Ariz. 64, 65 (App. 1997)). By contrast, when the court rules on a petition to terminate parental rights after presentation of all the evidence and ultimately determines termination is in the child's best interests, it must do so by a preponderance of the evidence. *Alma S.*, 245 Ariz. at 149–50, ¶ 8. "Courts must consider the totality of the circumstances existing at the time of the severance determination." *Id.* at 150–51, ¶ 13.

**¶20**      The standards for these decisions are not the same. Surviving a JMOL motion requires Mother to present "sufficient" evidence from which a factfinder *could* find that termination is in the child's best interests. To terminate parental rights, however, Mother must prove by a "preponderance of the evidence" that termination *is* in the child's best interests. *Compare* Ariz. R.P. Juv. Ct. 319(d)(2) *with Alma S.*, 245 Ariz. at 149–50, ¶ 8. Additionally, at the JMOL motion stage, the court views all evidence in favor of Mother, but when ruling on the petition at the conclusion of the trial, the court considers all relevant evidence and gives it appropriate weight. *See* Ariz. R.P. Juv. Ct. 319(a)(3); *Alma S.*, 245 Ariz. at 150–51, ¶ 13. Again, we do not reweigh evidence. *Alma S.*, 245 Ariz. at 151, ¶ 18. Mother fails to show the court's rulings were inconsistent and thus, fails to show error.

## CONCLUSION

**¶21**      We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR